[Filed June 7, 1888.]

# GEORGE AINSLIE & CO., APPELLANTS, v. BERTHA KOHN AND THOMPSON, DE HART & CO., RESPONDENTS.

MECHANICS' LIEN. — Where a statute which gave to mechanics and others a lien upon buildings and other structures for work done and material furnished in the construction thereof was repealed by another statute which also gave such lien, and provided that nothing contained therein should affect any lien theretofore acquired, but that the same should be enforced by the provisions of the repealing act; and parties had furnished such work and material during the existence of the repealed statute, and were engaged in furnishing such work and material at the time of the repeal, and continued thereafter so to do, and would have had such lien to the extent of the original contract price, or of any installment thereof, to become due thereon in accordance with the terms of the original contract, by giving written notices to the employer of the nature and extent of their claims against the original contractor; and the repeal of the former statute and adoption of the subsequent one took place before such an installment became due; *held*, that notwithstanding such written notice had not been given, the lien provided in the repealing act would, upon a compliance with its provisions, attach in favor of such parties to the extent of such installment. *Held, also,* that as the later statute had dispensed with the necessity of giving to the employer the written notice, the lien would attach without it. *Held,* that under section 5 of the act of the legislative assembly of the State, entitled "An act for securing liens for mechanics, laborers, material men, and others, and prescribing the manner of their enforcement," approved February 14, 1885, parties claiming the benefit of said act, on account of labor performed or material furnished in the construction of a building, except the original contractor, were only required to file their claims within thirty days after the completion of the building, when the labor was performed or material furnished for the purpose of completing it. *Held,* that requiring a claim to be filed containing a true statement of the demands as provided for in said section 5 is not to be construed as necessarily meaning an itemized statement; nor that the provision in said section 5, requiring to be filed a claim containing a true statement of the demand, "after deducting all just credits and offsets," is to be construed as meaning that the statement shall contain those veritable words; nor that the requirement in said section 5 that the claim shall be verified by oath of the claimant, or some other person having knowledge of the facts, is to be construed as meaning that such verification shall be signed by the claimant or such other person, and that if the statement of the demand was true as a matter of fact, and was shown to have been verified by the oath of the claimant or other person having knowledge of the facts before an officer authorized to administer an oath, it would be entirely sufficient.

APPEAL from Multnomah County.

*H. B. Nicholas,* for Appellants.

*Emmons & Emmons,* for Thompson, De Hart & Co.

*Dolph, Bellinger, Mallory & Simon,* for Mrs. Kohn.

THAYER, J.—This appeal is from a decree of the Circuit Court for the county of Multnomah, rendered in a suit in which said George Ainslie & Co. were plaintiffs, and James Loynachan, Bertha Kohn, Thompson, De Hart & Co., J. C. Bayer, and John Turnbull were defendants. The suit was brought to foreclose a mechanic's lien which the plaintiffs claimed to have upon certain premises, situated in the city of Portland, owned by said Bertha Kohn.

They alleged in their complaint in the suit in substance that during the month of June, 1885, the defendant Loynachan was building and constructing a double-tenement house for said Bertha upon the premises referred to, and that during such times, including the time between the first and eighteenth days of said month, and while said house was in course of construction, they furnished, sold, and delivered to said Loynachan, upon a contract they made with him, doors, sash, and other material, and did certain glazing and mill work for the completion of the said house, amounting in value to the aggregate sum of $683; that the said material was furnished and said work done, from time to time, as required in the construction of the house, up to and including the eighteenth day of June, 1885, at which time said Loynachan completed said building; that the said material so furnished and work done were used and entered into the construction of the said house, and became a part of it; that the plaintiffs, on the seventh day of July, 1885, and within thirty days after the completion of said building, and within thirty days after they had ceased to furnish said material and do said work therefor, duly filed with the clerk of Multnomah County a claim containing a true statement of their said demand, after deducting all just credits and offsets, and containing the other matters required by law to be stated, which claim was duly verified, and which the said clerk duly recorded in the proper book kept by him in his office for that purpose. They also alleged in the complaint that the defendants, Thompson, De Hart & Co., Bayer, and Turnbull, had, or claimed to have, some claim or lien upon said premises.

The latter defendants severally filed answers in said suit, setting forth the nature of the liens claimed by them respectively. Said Thompson, De Hart & Co. alleged in their answer in substance that on and between the sixteenth day of March and the seventeenth day of June, 1885, and while said defendant Loynachan was building and constructing the house mentioned and referred to in said complaint, they furnished, sold, and delivered to said Loynachan, to be used in the construction and creation of said building, certain material, of the reasonable and agreed value of $263.53, which sum he promised and agreed to pay them upon the delivery thereof; that said material was furnished from time to time as required in the construction of the building, up to and including the seventeenth day of June, 1885, at which time it was completed; that the said material was used and entered into the construction of the building and became a part of it; that no part of said $263.53 had been paid; that said defendants, on the twenty-fifth day of June, 1885, filed with the clerk of Multnomah County, in due form, a claim for said amount, with a statement containing a notice of intention to hold a lien upon said premises for its payment, and that said clerk duly recorded said claim in a book kept for that purpose in his office. The other defendants referred to claimed in their answers liens upon the said premises for work and material furnished by them respectively in the construction of said house; but as their claims are not in question on this appeal it is not necessary to mention the facts set out therein.

The defendant Bertha Kohn filed an answer to the complaint, in which she denied that said Loynachan was constructing the house for her in June, 1885, or that plaintiffs furnished any material or work for said house later than June 1st of that year; and she denied any knowledge or information sufficient to form a belief as to whether any statement or notice of claim against the premises was filed with the clerk of said county of Multnomah. She alleged in her answer that the said house was built under a contract entered into between her and said Loynachan March 2, 1885, and was completed prior to June 1st of that year, and that she never received any notice of plaintiffs' claim.

The case was referred to a referee to find the facts and conclusions of law, and the referee appointed for that purpose found against said plaintiffs, and also against the said defendants, Thompson, De Hart & Co., and his report thereon having been confirmed by the said Circuit Court, the decree was entered in accordance therewith, from which the said appeal is taken.     The proofs submitted to the referee showed that said Loynachan, on the second day of March, 1885, agreed in writing with Mrs. Kohn to furnish all the various kinds of materials and labor (except plumbing and gas fitting, staining, varnish, painting, graining, sewers, drains, lathing, and plastering) necessary to erect and completely finish the building referred to in the pleadings.     The work was to be under the superintendence of architects, was to be pushed fast enough to insure its final completion by the 1st of June, 1885, and Loynachan was to pay five dollars for each day delayed beyond that time.

The contract price was $3,695, to be paid in four installments as the work progressed; the last one, $1,295, was to be made when the building was entirely finished and accepted by Mrs. Kohn, or the superintending architect for her.     The architect had power to stop and report any work or materials not in accordance with the drawings and specifications.     Loynachan commenced the work as agreed upon in the writing, and on the third day of March, 1885, entered into a contract with the plaintiffs that they should furnish the mill work, glass, and do the glazing on said house for $1,268, $600 to be paid after delivery of the cornice lumber, the brackets, window frames, and outside finish, the balance after the completion of the building. The plaintiffs furnished the said mill work, and did the glazing for the house under the said contract with Loynachan, between the 3d of March and the 1st of June, 1885, excepting that light was put in the transom, and the seat on the water-closet was changed by Loynachan at the direction of the architect, and finished by plaintiffs after June 1st of said year.     Loynachan paid plaintiffs on account upon said contract on the fourth day of May, 1885, $600.     The plaintiffs furnished two openings of inside blinds, and changed the front doors to glass, in addition

to the material furnished under the contract, which material went into said house, and was of the value of $15.19, and which was done prior to June 1st, 1885. The plaintiffs filed with the county clerk of Multnomah County, Oregon, on July 7th, 1885, a statement of a claim for materials furnished in the construction of said house, for said $668, balance, and for $15.19, said extra material furnished, which was duly recorded as alleged in their complaint.

The defendants, Thompson, De Hart & Co., furnished said Loynachan hardware, between the sixteenth day of March and the seventeenth day of June, 1885, of the value of $263.53, which the latter used in the construction of said house under his said contract with Mrs. Kohn, and on the twenty-fifth day of June, 1885, filed a statement of their claim against the said premises therefor, which was duly recorded as alleged in their answer in the suit. That the house was completed by Loynachan about the 10th of June, 1885, except some slight changes and alterations. That the architect accepted the house as finished by Loynachan on June 18, 1885, and Mrs. Kohn, on the twentieth day of June, 1885, paid to Loynachan the said last installment of $1,295. She had, however, been in possession of the house from about the 5th of June, 1885, her son Marcus having slept there from that time, and she moved into it her entire furniture by about the fifteenth day of June, 1885.

Two objections were made to each of said claims. The one was, that they were defective in form and substance; and the other, that they were not filed for record within the time required by the statute. Upon one or both of these grounds, the learned referee held that neither claim constituted a lien upon the premises in question. It appears that while the work was in progress the Mechanics' Lien Act of 1874 was superseded by that of 1885. The latter act went into effect May 22, 1885; but it expressly provides that liens acquired under the Act of 1874 may be enforced under its provisions.

Counsel for the respondent suggest, however, whether as the alleged lien attached under said Act of 1874, it was not essential that the notice required by that act of the nature and extent of

the claim against the original contractor should not have been given to the employer of such contractor (Mrs. Kohn). I have no doubt but that where the right to a lien in such cases has been lost by a failure to comply with the conditions of an existing statute, it will not be reviewed by a subsequent statute. Where, however, the time for the performance of the conditions has not expired when the statute imposing them is superseded, and the right is preserved by the subsequent act, it must be perfected, if at all, under the provisions of the latter.

The written notice required to be given was dispensed with, and the lien would therefore attach without it, unless the right to the lien had been lost when the latter act took effect. By not giving the notice while the Act of 1874 was in force, the payment made by Mrs. Kohn during that time of the installments due in accordance with the terms of her contract with Loynachan were relieved from all claim to such lien; but it continued to exist so as to bind to the extent at least of the deferred payments. The objection that the claims were not filed for record within the time required by the Act of 1885 is clearly untenable. The lien is expressly given by section 3669 of the Code, and the party claiming the benefit of it, save the original contractor, is only required to file the claim within thirty days after the completion of the structure, or after he has ceased to labor thereon from any cause, or after he has ceased to furnish materials therefor. (Code, § 3673.) Such is not the strict language of the latter section, but I think that it should be construed to mean that the claim may be properly filed within thirty days after the completion of the building, when it is for labor and material furnished for that purpose.

Section 3678 of the Code, which provides "that no payment by the owner of the building or structure, to any original or subcontractor, made before thirty days from the completion of the building, shall be valid for the purpose of defeating or discharging any lien created by this act, in favor of any workman, laborer, lumber merchant, or material man," etc., shows plainly that the construction of the preceding section indicated is correct. Whether then the claims were filed within thirty days after the

work and material were furnished is unimportant, provided it was done within thirty days after the house was completed.

George Ainslie & Co.'s claim was filed for record July 7, 1885, and Thompson, De Hart & Co.'s claim was filed June 25, 1885. The referee found that the building was completed by Loynachan about the 10th of June, 1885, except some changes made subsequently; that the architect accepted it on June 18, 1885, and that Mrs. Kohn, on the 20th of June, 1885, paid to Loynachan the balance due him of $1,295, and I think that the finding of the referee as to the time the building was completed is fully sustained by the testimony. Nor do I believe that the objection to the form and substance of the claims is well taken. The counsel for the respondent insists that the party claiming the benefit of the act in question must file with the county clerk an itemized statement of his account. The language of the act is that it shall be the duty of the claimant to file with the county clerk, etc., "a claim containing a true statement of his demands, after deducting all just credits and offsets, the name of the owner or reputed owner, if known, and also the name of the person by whom he was employed or to whom he furnished the materials, and also a description of the property to be charged with said lien sufficient for identification, which claim shall be verified by the oath of himself or some other person having knowledge of the facts." (Code, § 3673.)

Section 3674 of the Code provides that "the county clerk shall record said claim in a book kept for that purpose, which records shall be indexed as deeds and other conveyances are required by law to be indexed, and for which he shall receive the same fees as are allowed by law for recording deeds and other instruments." The words "a claim containing a true statement of his demand" do not imply that the claim should contain an *itemized* statement. "Demand," as used in the act, evidently means the thing claimed as due, which in this class of cases is a sum of money, and a statement of the demand would be a recital of facts out of which it arises. Ainslie & Co. say that they furnished, sold, and delivered to Loynachan, for, etc., all the sash, etc., and did all the necessary glazing, and all the

XVI. OR.—24.

necessary mill work required for, etc., which was reasonably worth $668, and that there was due and owing from Loynachan said sum on account of said work and material, and that they claim and intend to hold a lien upon certain premises to secure the payment of said sum. This certainly was "a claim containing a statement of their demand." So Thompson, De Hart & Co. said that by virtue of a contract made with Loynachan they furnished and supplied certain hardware and materials for, etc.; that the contract and reasonable price was $263.53; that said sum was due, and it was their intention to hold a lien upon certain premises therefor. This, also, was "a claim containing a statement of their demand." The statute evidently did not intend to require more than a general statement of the matter to be recorded. To compel a party to have a record made of all the minutia of a claim, with the same particularity of that of a deed, would impose upon him an unnecessary burden, and would serve no useful purpose.

The reason advanced by the counsel for requiring an itemized statement of their account to be made is that subcontractors and material men are entitled to no more than the fair market value for their work and material furnished on the credit of the building, and hence the owner should be informed by the claim, so that he may make the necessary inquiries to satisfy himself of its justice as a lien on his property. This reason, viewed from a theoretical standpoint, appears specious; but practically it has no foundation whatever. The persons who supply labor and materials in such cases have ordinarily no opportunity to obtain an unjust lien upon the property.

The contractor is interested with bargaining with them upon the most advantageous terms to himself as to price. He knows what he receives, and unless he colludes with them to cheat the owner they are not able to obtain an unfair equivalent for what they furnish, and experience has shown that the collusion has more often existed between the owner and the contractor, to defraud laborers and material men, than between the latter and the contractor. The owner has it in his power to protect himself from being cheated; he can do as Mrs. Kohn did in this

case, exact from the contractor a bond of indemnity against loss. Mrs. Kohn could very easily have secured Ainslie & Co. and De Hart & Co. the payment of their claims.

If, before making to Loynachan the last payment, the $1,295 paid on the twentieth day of June, 1885, she had instituted an inquiry as to whether or not the labor and material which had gone into her house had been paid for, she would readily have found out the true condition of affairs. Instead of doing that, and without waiting the thirty days after the completion of the building, as required by statute, she paid Loynachan off, and he decamped, leaving the claims unliquidated. That kind of course has been instrumental in producing difficulties and contentions in this class of cases. The owner has usually let the contract for the construction of his building to the lowest bidder, without regard to his standing or responsibility, and has taken no care or thought about the laborers and material men getting their pay. The contractor has often been an itinerant, and through persuasion and importunity, and sometimes by compromise with the owner, obtained his pay, and then "silently folded his tent" and departed. Such a course is well calculated to occasion, and has occasioned great injustice.

The legislative assembly of the State has realized the fact, and adopted one statute after another to correct the abuse; but in many instances, through the selfishness and cunning of the owners of the buildings constructed, the loose and careless mode pursued in securing rights under the statute, and the extreme technicality maintained by the courts in administering its provisions, the remedy devised has been ineffectual. It is high time such practices should be discountenanced, and persons who procure buildings to be constructed were made to understand that they owe some obligation at least to those who do the labor and furnish the material therefor. The latter class must, it is true, in order to preserve the lien provided by the statute, comply with its terms. But no such nice compliance as often insisted upon is absolutely essential to the preservation and enforcement of the lien. The statute is remedial in its nature, and should receive a reasonable construction. The respondent's counsel also

objects to Ainslie & Co.'s claim, upon the grounds that the statement of their demands is untrue; that it states that they furnished the material between June 1st and June 18th, 1885. I do not think that is a correct version of the statement, although it is couched in such awkward language that such an inference might be drawn therefrom.  By a close inspection of the instrument, however, it will be observed that the material was furnished during the construction of the building, and that Loynachan made the contract on the second day of March, 1885, and then proceeded to construct and finish it.

The language of the statement is:  "That during the construction of said building the undersigned, etc., furnished, sold, and delivered to him, the said James Loynachan, for, etc., all the sash, etc., and did all the necessary glazing, etc., required for, etc., which was reasonably worth $668."  If the statement had stopped here, it would be implied therefrom, without doubt, that the work and material were furnished during the said time Loynachan was performing his said contract; but the draftsman of the statement added the following words thereto, "and was so furnished, done, and performed on during and between the first and the eighteenth days of June, 1885."  It might be inferred from these words that the work and material were furnished at the particular time above specified.  It is evident, however, that the draftsman did not intend to convey that meaning, but meant in fact that the sale and delivery of the articles and doing the work were completed at that time.  The language employed in a subsequent part of the statement serves to confirm this view. He there says, in an independent paragraph, "that all of the material and work hereinbefore mentioned were furnished from time to time as required, and up to and including the eighteenth day of June, 1885, when the said building was completed, and the said George Ainslie & Co. ceased to furnish material thereon or therefor."

The counsel for the respondent objects to Thompson, De Hart & Co.'s claim, upon the grounds that the statement of the demand does not show it to be a true statement of it after deducting all just credits and offsets, and that the verification

thereof is not signed by the party making it.   The proofs in the suit show that, as a matter of fact, the claim contained a true statement of the demand, and it purports on its face to be a true statement of the demand, and it is verified to that effect; that it is just and true, after deducting all proper credits and offsets. That seems to me to be sufficient.   The verification does not appear to have been signed by the party making it; but I do not think that is sufficient ground of objection to the claim.

The statute does not require any particular form of verification; it merely requires that the claim shall be verified by the oath of the claimant, or of some other person having a knowledge of the facts; and the certificate of Mr. Emmons, notary public for Oregon, attested by his signature and notarial seal, shows that Mr. E. J. De Hart, one of the claimants, did verify the claim in question.   I am unable to discover any valid objections to the two claims considered.   They are for work and material used in the construction of the respondent's building, which she is enjoying the benefit of, and her plea that she has paid Loynachan for it is unavailing; the payment to him did not relieve her property.   She had no right, although a woman, to be persuaded by a knave to pay him money which belonged to others.

The decree appealed from must be modified so as to allow said George Ainslie & Co. and Thompson, De Hart & Co. each a decree for the amount of their respective claims; but in view of all the facts of the case they should not be allowed to recover costs.   Each of the parties, appellant and respondent, must pay their own costs and disbursements in both courts.

On petition for rehearing.

THAYER, C. J.—The counsel for the respondent, Bertha Kohn, ask for a rehearing in this case upon the grounds: (1) That no judgment has ever been recovered against the original contractor, James Loynachan; (2) that the contract for the building, entered into between Bertha Kohn and Loynachan, was executed prior to the time the Act of 1885 went into effect, and by the terms of the contract of building Mrs. Kohn was

absolutely bound to pay Loynachan the amount therein pro-
vided at a certain time, and that there was no way in which
she could retain any part of the contract price for the benefit of
the appellants; (3) that the statement of Ainslie & Co. was
untrue, in that they state that they furnished material of the
value of $668, and that nothing was paid, while the evidence
tended to establish that the material they furnished was of the
value of $1,268, and that $600 was paid to Loynachan; and (4)
that the evidence establishes the fact that the building was com-
pleted in June, 1885, and that Ainslie & Co were too late in
filing their notice. I have carefully considered these various
points and am of the opinion that they are not tenable. The
act does not require that a judgment shall be recovered against
the original contractor; it provides " that all persons personally
liable, and all lien-holders whose claims have been filed for
record, etc., and all other persons interested in the matter in
controversy, or in the property sought to be charged with the
lien, may be made parties; but such as are not made parties
shall not be bound by such proceedings." If the act had
required the recovery of such judgment, its efficacy as a remedy
could always be defeated by the act of the original contractor.
He would only have to go out of the State and remain in order
to prevent the enforcement of the lien, as the service of summons
could not be made upon him in such a case by its publication.
The legislature could not have intended that the enforcement of
the lien must depend upon any such condition; if it had, it
certainly would have provided for the recovery of the judgment
in some manner, where personal service of summons could not
be had. The contract for the building having been executed
prior to the time the Act of 1885 went into effect, and the terms
of payment of contract price upon the part of Mrs. Kohn being
absolute, did not relieve her from the obligation she was under to
the appellants.

The act to provide for liens of mechanics, etc., and prescrib-
ing the manner of their enforcement, approved October 28,
1874, was in force at that time, which entitled the appellants to
a lien to the extent of the contract price, and the terms of the

Points decided.

payment were subordinate to the provisions of that act. The Act of 1885 continued such lien, and provided for its enforcement. Mrs. Kohn, when she made the deferred payment mentioned in the opinion herein, heretofore delivered, had a good defense against such payment. Her agreement to pay the contract price, although absolute in terms, was upon condition that Loynachan should pay the appellants, and thereby relieve her property from the lien in their favor, given by the statute. Parties contract with reference to existing provisions of law, which enter into and become a part of the terms of the contract. The statement of Ainslie & Co. was technically untrue. To have been precise, they should have set out the original amount of their claims, given the credit thereon, and have claimed the balance, but the result would have been the same. The discrepancy was so slight that it could not have misled Mrs. Kohn, and cannot, in my view, be deemed material. The other points made by respondent's counsel in his petition for a rehearing was fully considered in the former opinion of the court, and I see no reason for changing the view there expressed regarding the matter to which it relates.

The petition must therefore be denied.