Submitted on briefs February 8, affirmed March 7, 1956

# BARONE *v.* BARONE

294 P. 2d 609

*Stanley A. Mitchell* and *Harry A. Harris,* Oregon City, for appellant.

*Glenn R. Jack* and *James O. Goodwin,* Oregon City, for respondent.

LUSK, J.

This is a divorce suit in which the court granted a decree of divorce in favor of the wife, the defendant, on her cross-complaint and made a disposition of the real and personal properties of the parties.

The defendant has appealed from the property award and the plaintiff has cross-appealed from the portion of the decree granting the defendant a divorce.

■ We have examined the record and are not prepared to disturb the finding of the circuit judge, based upon highly conflicting testimony, that the wife is entitled to a decree of divorce.

■ In support of her appeal from the property award the defendant contends that the court exceeded its jurisdiction in two respects. First, it is said that the court rendered a decree during term time, and, after the expiration of the term, entered another decree which modified the provisions respecting the disposition of the properties involved. By this procedure, it is claimed, the court violated the settled rule that after the expiration of the term at which a court enters its judgment or decree the court is without authority to amend, revise, modify or vacate such judgment or decree otherwise than to correct misprisions, or to grant relief from a judgment or decree taken against a party through his mistake, inadvertence, surprise or excusable neglect, pursuant to ORS 18.160. *Safeway Stores, Inc. v. Ohlsen,* 192 Or 1, 10, 233 P2d 778; *Harris v. Harris,* 192 Or 361, 366-367, 232 P2d 818; *Bogh v. Bogh,* 185 Or 93, 103-106, 202 P2d 503. But this rule has

no application to the present case. What occurred was this: At the conclusion of a hearing of the case on April 8, 1953, the court rendered an oral decision. The court concluded by saying, "You may prepare a decree accordingly," but no such decree was ever entered. On June 11, 1953, the court, on motion of the plaintiff, heard additional testimony relevant to the values of three parcels of real property owned by the parties. At the conclusion of this hearing the judge announced his intention to view these lands. On July 24, 1953, the decree from which these appeals were taken was entered. The decree contains provisions respecting the disposition of property materially different from that announced by the court in its oral decision of April 8. The term at which the hearings were held began the first Tuesday in April and continued until the first Tuesday in July (ORS 4.150, prior to its amendment by Or Laws 1955, ch 68 § 1). Thus, the decree was entered at the term following the one in which the oral decision was rendered.

■ The reason why the rule which the defendant invokes is not applicable here is that a statement from the bench does not constitute a judgment until reduced to an order, decree or judgment. *Rowe v. Rowe,* 76 Or 491, 496, 149 P 533; *Moffatt v. Lewis,* 123 Cal App 307, 11 P2d 397; 49 CJS 28, Judgments § 4; 33 CJ 1053, Judgments § 6, and cases cited in note 33 (c), p 1053.

■ The language of *Safeway Stores, Inc. v. Ohlsen,* supra, at p 9, relied on by defendant, is only apparently in conflict with the well-established and practically universal rule announced by these authorities. In the Ohlsen case the court discussed the distinction between misprisions and judicial errors as bearing on the power of the court to modify its judgment after expiration of the term. The case did not involve that precise

question, but the power of an administrative agency to revise alter, or correct its orders, and the subject of judgments came into the discussion by way of analogy. In pointing out the distinction referred to it was said, "The actual judgment is the judge's personal pronouncement thereof, evidenced later by a document prepared by a clerk or other draftsman which seeks to state in formal phraseology for the court's enduring records the disposition of the case." We then said that errors may creep into a judgment from two sources, either through the failure correctly to reduce to writing in the court's records the judicial pronouncement previously made or by reason of the mistake of the judge himself. The former would be a misprision, the latter a judicial error which could be corrected only in term time. The meaning intended to be conveyed by the sentence which we have quoted was that, where there is a claim of misprision in the judgment as entered, the oral pronouncement of the judge from the bench may be looked to and be considered as controlling on the question whether the judgment as entered conforms to the actual decision. But such a pronouncement is not in itself a judgment, for it is not a final determination of the rights of the parties. ORS 18.010. It is the formal judgment entered of record and that only which is embraced by the rule invoked by the defendant. A judge may change his mind half a dozen times after announcing his decision and take additional testimony, as was done here, which may throw a new light on the problem before him, and, until a formal judgment or decree is finally entered of record, the case remains in the bosom of the court, and no question can arise of modification of the judgment after the expiration of the term.

■ It is next contended by the defendant that the

court awarded to the plaintiff property of the defendant, although she was the prevailing party, and thereby exceeded the authority granted by Oregon Laws 1947, ch 557. See *Polanski v. Polanski*, 193 Or 429, 238 P2d 739. But that section does not apply to this case. By Oregon Laws 1953, ch 635 (now ORS 107.100(g)(4)), it is provided:

> "Whenever a marriage shall be dissolved or annulled, the court shall make such division or other disposition between the parties of the real or personal property, or both, of either or both of the parties, as may be just and proper in all the circumstances * * *."

This amendment took effect on July 21, 1953. The decree in this case was not entered until three days later, July 24, 1953, and the court was therefore authorized to act pursuant to its provisions. The only limitation under the 1953 amendment on the court's power to make a division or other disposition of property when a marriage shall be dissolved or annulled is that it must be "just and proper in all the circumstances." Consequently the fact, if it be such, that by the decree the court granted to the plaintiff property of the defendant did not constitute action in excess of the authority reposed in the court by the amendment.

Finally, the defendant contends that the award was manifestly an abuse of judicial discretion.

The properties involved consist of three parcels of real property in Clackamas County referred to in the record as Parcels 1, 2 and 3, and held by the parties as tenants by the entirety; a tractor; two Chevrolet trucks; farm equipment; and several thousand dollars in cash and United States war savings bonds. The parties operated a truck farm, and it is agreed that their joint efforts contributed to the acquisition of the bulk

of their possessions. Of the three parcels of real property that referred to as No. 2 is the most valuable. It is improved with a substantial house, which was the dwelling place of the parties. A competent witness appraised Parcel No. 2 at $13,395, of which $6,000 or $7,000 was the value of the improvements. The same witness gave it as his opinion that Parcel No. 1 is worth $6,155 and Parcel No. 3 $1,500. His testimony was not contradicted.

The decree awarded to Mrs. Barone Parcel No. 2, except a strip 250 feet in width along its southerly boundary, and a half of Parcel No. 1. Mr. Barone was awarded the 250 foot strip excepted from Parcel No. 2, the other half of Parcel No. 1, and all of Parcel No. 3. Mrs. Barone was further awarded the household furniture and furnishings and equipment; a pump installed in the well on Parcel No. 2; all funds in her possession, amounting to something in excess of $3,600; and one-half of the savings bonds in her possession with face value of $400.

The personal property awarded to Mr. Barone consisted of a tractor; two Chevrolet trucks; miscellaneous irrigation pipe; disc, harrow, ploughs and other farming equipment. He was further given funds under his control amounting to $4,245.50 and one-half of the savings bonds above mentioned.

As we understand the record, the home is on that part of Parcel No. 2 awarded to Mrs. Barone.

■ The defendant's sole criticism of the award is based upon the fact that all the real property and some of the items of personal property were acquired by the parties after their marriage. It is argued from this that the decree should have declared the parties tenants in common of the real property. There is no hard and fast solution for a problem of this kind. No doubt our

discussion in *Siebert v. Siebert,* 184 Or 496, 503, 199 P2d 659, of the relevant factors is as pertinent now as it was then, although the Siebert case arose under the earlier statute. But the decision is addressed in the first instance to the sound discretion of the trial judge and his determination should not be disturbed by this court unless it is clearly erroneous, particularly when it is evident, as it is here, that the question was given careful consideration.

The parties to this case depend upon the land for their living. By far the most desirable property which they own is that known as Parcel No. 2. It drains well, is under irrigation, and is capable of producing three or four crops a year. The court awarded to Mr. Barone a portion of this land after having inspected it and the other lands. On the defendant's portion is the home. Parcel No. 1 is under water most of the year and is capable of producing only one crop a year. This was divided a half to each of the parties. Parcel No. 3, which was awarded to Mr. Barone, has only four acres under cultivation and is of small value. The harrow, disc, pump, irrigation pipe and sprinkler, and a truck belonged to Mr. Barone at the time of the marriage.

It appears to have been the purpose of the trial judge to make, as nearly as possible, an equal division of the properties with respect to value, to see to it that each of the parties received a portion of the most productive land, and to avoid the necessity of an expensive partition proceeding.

We cannot say that his determination, in all the circumstances of the case, was not "just and proper," or that this court is able to improve upon it.

The decree will be affirmed, neither party to recover costs.

Latourette, J., did not participate in this decision.