Argued August 21, affirmed September 18, 1972

## MINOVSKY, *Appellant, v.* MINOVSKY (No. 364-746), *Respondent.*

500 P2d 1234

*Cecil H. Quesseth,* Salem, argued the cause and filed the briefs for appellant.

*Derryck H. Dittman,* Tigard, argued the cause for respondent. With him on the brief were Anderson & Dittman, Tigard.

Before SCHWAB, Chief Judge, and LANGTRY and THORNTON, Judges.

LANGTRY, J.

Plaintiff husband appeals from a divorce decree dated December 17, 1971. The court found that irreconcilable differences exist between the parties making continued marriage impossible, decreed dissolution of the marriage and awarded $7,500 lump sum alimony plus $750 attorney fees to defendant wife.

Before trial plaintiff had discharged his attorney and he represented himself at trial, but had counsel on this appeal. His primary contention on appeal is that the court was wrong in awarding lump sum alimony to the wife. In this regard, he asserts that the court should not have taken a prior marriage between the parties into consideration, should not have considered fault, if any, in causing grounds for divorce, and that the sum in any event is excessive.

The parties had first been married in Czechoslovakia in 1946. A daughter was born in 1947. Plaintiff left for political reasons in 1952 and came to the United States in 1953. Defendant divorced plaintiff in Czechoslovakia in about 1962. Plaintiff had one marriage, quickly annulled, in Colorado in 1959, and another marriage in 1961 which ended in the death of that wife in 1967. In 1968 plaintiff went back to Czechoslovakia to visit. Their daughter came here soon afterward, and has attained her majority. In 1969 defendant left Czechoslovakia for Vienna and plaintiff and defendant met and were remarried there that year, and defendant came on to live here with plaintiff and the daughter. The marriage fell apart after several months, resulting in this proceeding.

Plaintiff is steadily employed as an accountant and had taxable income from salary and investments of $17,600 in 1970. He has roughly $27,000 in cash and

securities, 1969 and 1971 vehicles, and real property for which he paid $10,900. He has no debts. Defendant could not speak English when she came but at time of trial had picked up passable English and had employment as a stock clerk which paid $380 gross per month, $270 net. She was in need of a thyroid operation, and had savings of $250.

Testimony of both parties was that plaintiff had contributed in cash and gifts not more than $1,000 to the daughter's support while she grew up in Czechoslovakia; otherwise, the defendant was the daughter's sole source of support. It is largely testimony along this line, which plaintiff claims is error—about events before the remarriage—which plaintiff claims the court considered, besides testimony about fault in causing the divorce.

When the trial judge announced his decision from the bench, he said:

"* * * There's no question in the mind of the Court that this marriage is at an end and has been for some time.

"I am going to take the liberty of following the new law and, instead of decreeing a divorce to either one, just declare the marriage dissolved.

"And in view of Mr. Minovsky's resources, the length of the marriage, and so on and so forth, I'm going to award to Mrs. Minovsky a lump-sum alimony judgment in the amount of seven thousand five hundred dollars."

The "findings" part of the formal decree briefly recited the total marital history, but the paragraph reciting the reasons for the award was separate, stating:

"That based on the length of the marriage, the resources available to plaintiff, the relative cir-

cumstances of the parties and the needs of the defendant, the defendant should be awarded a judgment for lump sum alimony."

This divorce proceeding was commenced before Oregon Laws 1971, ch 280 (the "no fault" divorce law) became effective. Its effective date was October 1, 1971. Oregon Laws 1971, ch 280, § 29. Neither party challenges the trial court's action in judging the case under the new law, hence, no question of the propriety thereof is presented, although we think the outcome would be the same under either law.

The new law provides that the trial court has the power, when it decrees dissolution of a marriage to award:

"* * * * *

"(c) For the support of a party, in gross or in instalments, or both, such amount of money for such period of time as it may be just and equitable for the other party to contribute. * * * In making such support order, the court shall consider the following matters:

"(A) The duration of the marriage;

"(B) The ages of the parties;

"(C) Their health and conditions;

"(D) Their work experience and earning capacities;

"(E) Their financial conditions, resources and property rights;

"* * * * *

"(H) Such other matters as the court shall deem relevant.

"* * * * *

"(e) For the division or other disposition between the parties of the real or personal property,

or both, of either or both of the parties as may be just and proper in all the circumstances.

"* * * * *." ORS 107.105(1).

We reviewed the criteria which applied under the previous statutory law in *Stettler v. Stettler,* 2 Or App 119, 467 P2d 130 (1970). The thrust of those criteria is that the award of property or alimony must have been just under the facts and circumstances of the particular case. Thus, there is little, if any, difference in the requirements of the new law, except that ORS 107.036 provides:

"(1) The doctrines of fault and of in pari delicto are abolished in suits for the annulment or dissolution of a marriage.

"* * * * *

"(3) In dividing, awarding and distributing the real and personal property (or both) of the parties (or either of them) between the parties * * * the court shall not consider the fault, if any, of either of the parties in causing grounds for the annulment or dissolution of the marriage.

"* * * * *."

We conclude that the court did not depart from this mandate of the new law. The "alimony" award of $7,500 could just as well have been termed a lump sum property award. It is justified in view of the parties' disparate earning abilities and financial conditions, plus the quite unusual circumstance that plaintiff married and brought to this country a wife unprepared by training, or even knowledge of the language, to financially fend for herself. To arrive at this conclusion, a court need not consider at all the previous marriage and the parties' relative participation in the upbringing of their daughter.

Affirmed.