Argued September 13, 1972, reversed and remanded February 1,
petition for rehearing denied February 27, 1973

STATE ex rel TOWN CONCRETE PIPE, INC.,
*Appellant, v.* ANDERSEN et al,
*Respondents.*

505 P2d 1162

*David J. Buono*, Portland, argued the cause for appellant. With him on the brief were Norman L. Lindstedt and Buss, Leichner, Lindstedt & Barker, Portland.

*Warde Erwin*, Portland, argued the cause for respondents. With him on the brief were Erwin & Gilbert, Portland.

Before O'CONNELL, Chief Justice, and McALLISTER, DENECKE, TONGUE, HOWELL and BRYSON, Justices.

DENECKE, J.

This case is an attempt by the plaintiff, Town Concrete Pipe, to hold the defendant General Insurance Company, the surety on the bond of a joint venture performing a state construction project, for a debt owed plaintiff for materials furnished a subcontractor of the joint venture. The trial court, sitting without a jury, held for the surety and plaintiff appeals.

In 1969 the legislature amended the statute and

provided that before an unpaid materialman of a subcontractor could recover from the general contractor or its surety, the materialman had to notify the general contractor within 90 days after delivery that the materialman was supplying the subcontractor. ORS 279.526(2). This law became effective August 22, 1969. Plaintiff began deliveries in June 1969 and finished February 28, 1970. No notice was given until February 18, 1970. One issue is, to what deliveries does the notice requirement apply?

The statute contains no language indicating whether the legislature intended the act to apply retroactively. The legislative history likewise provides no insight.

In *Joseph v. Lowery*, 261 Or 545, 495 P2d 273, 274-275 (1972), we quoted with approval from *Kempf v. Carpenters & Joiners Local Union*, 229 Or 337, 341-342, 367 P2d 436 (1961), as follows:

" '* * * Unless retroactive construction is mandatory by the terms of the act it should not be applied if such construction will impair existing rights, create new obligations or impose additional duties with respect to past transactions * * *.' 229 Or at 343."

We then explained the law:

"The cases discussed above clearly indicate that this court has refused to give retroactive application to the provisions of statutes which affect the legal rights and obligations arising out of past actions. This is without respect to whether the change might be 'procedural or remedial' or 'substantive' in a strictly technical sense. The labels were applied after the court decided whether it thought a new statute affected legal rights and obligations arising out of past actions." 261 Or at 548-549.

■ The notice requirement added by the legislature imposed "additional duties with respect to past transactions." The requirement affects the "legal rights and obligations arising out of past actions." For these reasons the statute does not apply to those deliveries made before August 22nd. Cf. *Dean Vincent, Inc. v. Chamberlain,* 264 Or 187, 504 P2d 722, decided December 12, 1972, and *Ainslie & Co. v. Kohn,* 16 Or 363, 19 P 97 (1888).

■ Prior to the effective date of the amendment plaintiff entered into an agreement with its subcontractor to supply all the materials for the job. Plaintiff makes some contention that because the agreement to supply the materials was made before the effective date of the act, the act should not be interpreted to apply to any of the deliveries whether made before or after August 22nd. In amending the notice requirement of the Miller Act, 40 USCA § 270b, which is the federal counterpart of the Oregon Public Works Statute, Congress expressly provided that amendment would not apply to contracts signed prior to the effective date of the amendment. The Oregon statute does not so provide and the statute is not written in terms of contracts to supply materials.

We hold that the statute applies to all deliveries made after August 22, 1969. Plaintiff cannot recover for those deliveries made after that date and more than 90 days before the notice was given.

■ The defendants contend that the February 18, 1970, notice of plaintiff's deliveries was insufficient to satisfy the requirements of the amendment. ORS 279.526, as amended, provides that the "notice shall be served on the contractor personally or by certified or registered mail." The notice was sent regular mail, but admittedly received by the joint venture.

Defendants attempt to distinguish *Stroh v. SAIF,* 261 Or 117, 492 P2d 472 (1972), we, nevertheless find its principle controlling and hold the notice was effective.

■ ORS 279.526 (1) requires another notice. It provides that a claimant who has supplied materials or performed labor for either the general or subcontractor on Oregon public works must file a notice of claim with the public body "prior to the expiration of six months immediately following the acceptance of the work by the affirmative action of the public body which let the contract." The notice in this case was filed prior to the acceptance of the joint venturer's work. We held in *Konen Const. Co. v. U. S. Fid. & Guar. Co.,* 234 Or 554, 557-558, 380 P2d 795, 382 P2d 858 (1963), that the notice of a subcontractor who has completed his work can be properly filed before the acceptance of the overall project by the public body.

ORS 279.528 concerns the contents of the notice of claim. It provides: "(2) The notice shall be in writing substantially as follows:". The statute then provides that the notice is to be sent to the state contracting agency, in this case, the State Highway Commission. Plaintiff sent several letters about its claim to the joint venture and its surety with copies to the Highway Commission. The plaintiff did not prove that the commission received copies of these letters; however, plaintiff sent one notice to the commission by certified mail which the commission received.

■■ The suggested statutory form requires, "a brief description of the labor or materials performed or furnished and the person by whom performed or furnished." The letter received by the commission stated: "The claim of our client is for materials supplied and

incorporated into the project in question." This is a minimal description; however, we find it was adequate to comply with the statute. As we stated in *School District No. 1 v. Rushlight & Co.,* 232 Or 341, 348-351, 375 P2d 411 (1962), the purpose of this notice is to alert the public body and general contractor to unpaid bills before any retainage is paid out. The retainage, therefore, can be used to pay the unpaid suppliers and laborers. With the notice given, the commission or the general contractor can secure the details of the claim and dispose of the retainage accordingly.

■ ORS 279.528 (2) also suggests that the notice to the commission state the name of the surety. The plaintiff, in giving the commission notice of claim, asked the commission for the name of the surety and a copy of the bond. The commission complied. Obviously, the failure of plaintiff to name the surety in no way prejudiced the surety or the general contractor.

■ ORS 279.528 (3) states: "The notice shall be signed by the person making the claim or giving the notice." This notice was signed by the attorney for the plaintiff and is sufficient compliance with the statute.

Plaintiff contends that if we hold that it is entitled to recover all or part of its claim, it is entitled to an award of attorney fees in the trial court. Defendants contest this.

Plaintiff relies on ORS 743.114, which provides:

"If settlement is not made within six months from the date proof of loss is filed with an insurer and an action is brought in any court of this state upon any policy of insurance of any kind or nature, and the plaintiff's recovery exceeds the amount of any tender made by the defendant in such action,

a reasonable amount to be fixed by the court as attorney fees shall be taxed as part of the costs of the action and any appeal thereon."

Formerly ORS 279.516 specially authorized an award of attorney fees in an action on a public works bond. A comprehensive revision of the statutes dealing with claims on public works bonds was made by Oregon Laws 1957, ch 650, and ORS 279.516 was repealed. Defendant contends that in so doing the legislature expressed an intention to cut off the right to attorney fees in this type of action.

■ In the committee hearings on the comprehensive revision, a member of each legislative body stated that ORS 279.516 was being repealed because attorney fees were otherwise provided for in ORS 743.114, above quoted. This is correct.

*Christensen, Inc. v. Hansen Co.,* 142 Or 549, 556-557, 21 P2d 195 (1933), was an action by an unpaid subcontractor against the general contractor and its surety on a common-law bond, that is, a bond not required by statute. Plaintiff sought attorney fees under the same statute the present plaintiff cites. We held that a surety was a policy of insurance within the meaning of that statute and awarded plaintiff attorney fees.

*State ex rel Grinnell Co. v. White Co.,* 224 Or 483, 489, 356 P2d 943 (1960), was decided three years after the repeal of the statute specifically authorizing recovery of attorney fees in an action on a public works bond. It was an action on a public works bond. We held attorney fees were awardable pursuant to ORS 743.114, the statute upon which plaintiff relies. The defendant urges that we overrule this decision,

but states no reason to support its argument and we find none.

■ Plaintiff is entitled to an allowance for attorney fees in the trial court as well as in this court.[1]

Reversed and remanded.

---

[1] Attorney fees would not be allowable on appeal except for the amendment to ORS 743.114 made by Oregon Laws 1971, ch 123. The statute formerly provided, "* * * and on appeal to the Supreme Court by the defendant the judgment is affirmed, the Supreme Court shall allow to the respondent such additional sum as the court shall adjudge reasonable as attorneys fees of the respondent on such appeal." In Schweigert v. Beneficial Life Ins. Co., 204 Or 294, 305, 282 P2d 621 (1955), we held that when the plaintiff-insured was the appellant, attorney fees were not allowable to plaintiff even though he prevailed. Oregon Laws 1971, ch 123, deleted the above-quoted language and amended the statute to read that if plaintiff recovers "a reasonable amount to be fixed by the court as attorney fees shall be taxed as part of the costs of the action and *any appeal thereon*." (Emphasis added.)