Argued February 1, affirmed March 12, 1973

SHARP, *Appellant, v.* SHARP (No. 371-957),
*Respondent.*

507 P2d 417

*Leo Levenson,* Portland, argued the cause for appellant. With him on the briefs was Howard P. Arnest, Portland.

*Jon L. Woodside,* Portland, argued the cause for respondent. With him on the brief was Emerson U. Sims, Portland.

Before Schwab, Chief Judge, and Langtry and Fort, Judges.

FORT, J.

■ This divorce appeal presents a challenge by the appellant-wife only to the property division made by the trial judge, who granted dissolution of the marriage res on the grounds of irreconcilable differences. No appeal is taken from that portion of the decree. Although both the complaint and the cross-complaint were filed prior to October 1, 1971, both parties requested and the trial court agreed to proceed under the 1971 "no fault" divorce law.[①] *Minovsky v. Minov-*

---

[①] Prior to the "no fault" divorce law the relevant statute read:

"(1) Whenever a marriage is declared void or dissolved,

*sky,* 10 Or App 540, 543, 500 P2d 1234 (1972). As in *Minovsky,* where such procedure was upheld, we conclude here also that the outcome "would be the same under either law." *Minovsky v. Minovsky,* supra, 10 Or App at 543.

Oregon Laws 1971, ch. 280, § 29(3), p 396,[®] provides:

> "(3) When a domestic relations suit is pending on the effective date of this Act, a right accrued under a law repealed hereby is not impaired and the court shall grant to a party seeking to enforce the accrued right the relief to which the party is entitled."

We are not here dealing with "a right accrued under a law repealed hereby." Both ORS 107.105(1)(e) and former ORS 107.100(4) in effect provide that in the exercise of its ancillary powers pursuant to the dissolution of the marriage the court may provide for the division or distribution between the parties of the real or personal property, or both, of the parties or either of them "as may be just and proper under the

---

the court has power further to decree as follows:" ORS 107.100(1).

The "no fault" statute now provides:

"(1) Whenever a marriage is declared void or dissolved, the court has power further to decree as follows:" ORS 107.105(1).

It is obvious, therefore, that both are based upon the concept of dissolution of the marital res—which has undergirded the concept of divorce and its jurisdiction within a court of equity since its transfer to chancery from the ecclesiastical courts.

Furthermore, both statutes clearly apply the long-established concepts that the other powers given to a divorce court, including custody, property division, support, alimony and restoration of former name, are still, as they were before, ancillary to the dissolution of the marriage res.

[®] Not found in Oregon Revised Statutes.

circumstances." Thus whether considered under the "no fault" or the former statute the court here had the same authority concerning the division of property.

■ As stated in *Johnson v. Johnson,* 245 Or 10, 15, 419 P2d 28 (1966):

> "As this court has repeatedly * * * held in making a distribution of the property of the marital community upon the dissolution of a marriage, each case rests on its own facts. No formula can be stated, nor percentages given, for all cases. Each case must be viewed independently, for a distribution which is just and proper in one case may not be just and proper in another. * * *"

*See also, Stettler v. Stettler,* 2 Or App 119, 467 P2d 130 (1970). The trial court is vested with a broad discretion in making its distribution of the parties' property. *Johnson v. Johnson,* supra, 245 Or at 15; ORS 107.105(1)(e).

Appellant argues that the court erred in decreeing various real estate and real estate contracts to appellant and respondent as tenants in common. She claims sole right in the properties because she alleges they were acquired by her money and efforts. She was engaged in the real estate business as a broker.

The respondent acquired a real estate salesman's license shortly after the parties' marriage in 1957 and helped appellant in her ongoing real estate business. During the early 1960's when the disputed transactions occurred, the parties were conducting the business like a partnership: they commingled their earnings in the business account. Neither received a salary and both took money out of the cash drawer as they needed it. The expenses for running the business came out of their joint earnings. The parties disagreed,

however, as to the extent of respondent's contribution to the business. This conflict was best resolved by the trial court which had the opportunity to hear the testimony. *Stettler v. Stettler,* supra, 2 Or App at 122.

■ In any event, since this appeal involves the distribution of marital property the respective contributions of the parties are, of course, only one factor to be considered. *Johnson v. Johnson,* supra, 245 Or at 15, 16.

■ Considering this business arrangement, the duration of the marriage and the distribution of the other assets, we agree with the trial court in decreeing that a substantial portion of the assets were to be distributed to both parties as tenants in common, and in the other provisions relating to the division of the property. The plaintiff-wife is entitled to neither more nor less consideration in the division of the property because she is a woman, nor because she was or was not primarily or even wholly responsible for the business affairs of the family.

Affirmed. Costs to respondent.