Argued December 21, 1972, affirmed as modified March 12, petition
for rehearing denied April 12, petition for review
denied June 12, 1973

MORGAN, *Respondent, v.* MORGAN, *Appellant.*

507 P2d 409

*Charles Robinowitz,* Portland, argued the cause and filed the briefs for appellant.

*Edwin J. Welsh,* Portland, argued the cause for respondent. With him on the brief were Welsh & O'Donnell, Portland.

Before SCHWAB, Chief Judge, and FORT and THORNTON, Judges.

THORNTON, J.

Defendant wife appeals from certain provisions of a divorce decree granted to plaintiff husband.

Defendant contends that the trial court erred:

(1) In applying the provisions of the "old" divorce law, former ORS ch 107, rather than those of the new "no-fault" law, ORS ch 107;

(2) In granting custody of the parties' minor child to the husband;

(3) In awarding the wife what she believes to be insufficient support;

(4) In dividing the property of the parties; and

(5) In denying costs and attorney's fees to the wife at trial.

She also seeks costs and attorney's fees on this appeal.

The history of this marriage, except as relevant to specific assignments of error and set out below, need not be detailed. The parties were married for some 27 years. Two children were born to the marriage, Sharon, age 18, and David, age 23. Apparently the relationship between plaintiff and defendant was frequently strained, and during the last years of the marriage the wife allegedly became interested in another man.

I

The plaintiff filed his complaint in this case on September 23, 1971. The "no-fault" divorce law became effective on October 1, 1971. Oregon Laws 1971, ch 280, § 29.

The defendant sought to invoke the provisions of the new law through a second amended answer and

counterclaim. The trial court denied the motion to file this pleading. Again, immediately before trial, the defendant urged the court to follow the "no-fault" law, and the court refused, believing the former law to be applicable in the case.

After an initial amendment to the pleadings, which is allowed of course, ORS 16.370, further amendments sought before trial may be granted if "in furtherance of justice," ORS 16.390. Certainly, reference to the appropriate law at trial is "in furtherance of justice," and the amendment should have been allowed if the new divorce law is, in fact, properly applicable to this case. See *Perdue v. Pac. Tel. & Tel. Co.,* 213 Or 596, 326 P2d 1026 (1958).

Two cases previously before this court have involved factual situations parallel to that here, with divorce complaints filed before the effective date of the new law, and trial occurring after that date. In one of those cases the trial court followed the new law. *Minovsky v. Minovsky,* 10 Or App 540, 543, 500 P2d 1234 (1972). In the other, the trial court applied the former law. *Ray v. Ray,* 11 Or App 246, 502 P2d 397 (1972). However, in neither case did this court rule on the propriety of the law relied on by the trial court.

In both *Minovsky* and *Ray* we noted that our decision would be the same under either the old or the new law. Here the situation is different. At least as to one issue raised on this appeal, the result is clearly dependent on the choice of the properly applicable law. Under the former statute, ORS 107.030, the prevailing party, Mr. Morgan, would be awarded the divorce, while under the new statute, ORS 107.036(4), the court would merely declare the marriage dissolved. Of course this difference could have been involved in

*Minovsky* and *Ray,* as well as in this case. However, in *Minovsky* and *Ray* neither party sought to challenge the form of the decree either at trial or on appeal. As noted above, here the defendant wife made that challenge and we must respond to it.

■ Normally, statutes apply only prospectively. However, procedural and remedial statutes have on occasion been held to apply retrospectively to all actions accrued or pending. *See, Spicer v. Benefit Ass'n of Ry. Emp.,* 142 Or 574, 17 P2d 1107, 21 P2d 187 (1933); *Smith v. Clackamas County,* 252 Or 230, 448 P2d 512 (1969).

The line between what is procedural, and what substantive, is far from clear. See 23 ALR3d 626 (1969). Twice before the Oregon courts have ruled on the retrospective effect of a change in the divorce statutes. The 1947 legislature amended the statutes governing property division and alimony in a divorce suit. In *Siebert v. Siebert,* 184 Or 496, 199 P2d 659 (1948), the trial court had applied the new statutes to a divorce suit pending under the former law. The Supreme Court affirmed, holding that if the statutory amendments were in force when the divorce decree was entered, then the amendments governed the allowance of alimony and the division of property.

*Barone v. Barone,* 207 Or 26, 294 P2d 609 (1956), involved a subsequent amendment of the statutes governing property division. The amendments in *Barone* took effect only three days before the decree was entered, but both the trial court and the Supreme Court applied the amended law to the case.

The statutory changes in *Siebert* and *Barone* would, if anything, seem to be of a more substantive nature than those adopted by the 1971 legislature.

However, in the statutes involved in *Siebert* and *Barone* the legislature was silent as to its intention on the retrospective or prospective application of the amendments.

■ Based upon our reading of the 1971 law, we conclude that it was the intent of the legislature that the "no-fault" divorce law would not become effective and operative until October 1, 1971. The trial judge did not err in applying the provisions of the old law to the case at bar. *See, Joseph v. Lowery,* 261 Or 545, 495 P2d 273 (1972), holding that the new comparative negligence law was not intended to be applied retroactively.

■ The 1971 legislature added a savings clause to the amendments which established October 1, 1971, as the effective date of the Act, and provided:

"(3) When a domestic relations suit is pending on the effective date of this Act, a *right accrued* under a law repealed hereby is not impaired and the court shall grant to a party seeking to enforce the accrued right the relief to which the party is entitled." Oregon Laws 1971, ch 280, § 29. (Emphasis supplied.)

What was the legislature intending to accomplish by adding the above provision to the new law?

It is our conclusion that the legislature added this provision simply to make it clear that as to cases "pending on the effective date of this Act" the amendments and repeals of various sections of the old law which were made by the new law were not to be construed retroactively to extinguish rights which had accrued to either litigant under the old law.

Since the legislature did not specially define "right accrued" we look to the usual legal definitions

for guidance. Both the words "accrued" and "right," and the phrase "accrued right" suggest the concept of something that is presently legally enforceable. *See* 1A Words and Phrases 437, 484; 37A Words and Phrases 353. *Berry v. Branner,* 245 Or 307, 421 P2d 996 (1966); *In re Estate of Krachler,* 199 Or 448, 263 P2d 769 (1953).

■ Thus, by filing his complaint prior to October 1, 1971, plaintiff obtained the right to have his case tried and determined under the old law, notwithstanding the amendment or repeal of those provisions by the new law, effective October 1, 1971. Likewise the defendant was entitled to the same right. For example, plaintiff and defendant were both entitled to a decree of divorce based upon fault if he or she could prove his or her case by a preponderance of the evidence and to the satisfaction of the court.

At the conclusion of the trial the court granted support payments to the party at fault, the wife, under former ORS 107.100(1)(c). Under that statute special findings setting out "unusual circumstances" were required in the decree if support were granted to the party at fault. Here, the trial court made no such special findings. On appeal, however, the plaintiff still does not contest the support award to the defendant.

## II

■ The trial court awarded the custody of the parties' minor child, Sharon, who is 18 and a college freshman, to the plaintiff father. This award, however, was made "subject to the provision that during times when she [Sharon] is not residing at a school or her own residence the defendant will have the right to have the

child reside with her, with reasonable visitation on the part of the plaintiff during such times."

Defendant appeals.

We review *de novo*. *Goode v. Goode,* 4 Or App 34, 476 P2d 805 (1970). After an examination of the entire record, especially the testimony given by the plaintiff, defendant and the child Sharon, we conclude that the trial court's award, while perhaps unusual, is best suited to the situation of the parties and the interests of the child. We affirm.

### III

■ The trial court awarded the defendant, the party at fault, $600 per month for one year as support and maintenance. On appeal the wife contends that this award is insufficient. The statute applicable to this case, ORS 107.100(1)(c), provides for a support award to the party at fault, but only "under unusual circumstances," which circumstances must be set out in the divorce decree. As noted above, here the trial court made no findings in the decree as to "unusual circumstances" even though the court did award support to the wife.

We note that the husband does not contest the support provision in the decree. He asks only that this court not increase it in amount or duration.

The factors to be considered in granting support are set out in *Stettler v. Stettler,* 2 Or App 119, 120-21, 467 P2d 130 (1970).

The record indicates that the wife is 54 years old. She holds an unaccredited master's degree in education and is not certified to teach in this state. She has not worked full time for many years, devoting herself instead to her children and home.

The evidence showed that even with certification, which would require additional education completed at a minimum 'B' grade level, the wife's ability to obtain teaching work is, at best, uncertain. Her attempts, prior to trial, to find uncertified positions were unsuccessful.

The husband holds a doctorate, and has an executive level position with a yearly gross salary of $31,500. He also receives bonuses, dependent on company income, which, in the last year, brought his salary to almost $40,000.

At the end of their marriage the parties had accumulated more than $275,000 in assets.

The decree granted the wife some $94,000 of these assets, burdened by more than $20,000 in outstanding obligations.[1] The husband received the remainder of the property, over $190,000, and debts of about $26,000.

After a review of the record, we feel that the present support award to the wife is inadequate. Although the wife was found to be at fault, still the circumstances lead us to increase the award.

We believe that the length of the marriage, the wife's age, the substantial assets of the parties, and the discrepancy between the husband's income and the wife's uncertain prospects for employment, constitute "unusual circumstances" justifying a support award

---

[1] About $23,000 of the property awarded to the wife is in the form of a bank account which the wife held jointly with her mother until the mother's death about a year and a half before the divorce. The wife has full legal control of these funds; however, she claims a moral obligation, based on her mother's wishes, to distribute most of this money to charity, and to certain relatives. Still, as of trial she had given out only $5,000 of the original total $30,000.

to the wife. *See, Warning v. Warning,* 5 Wash2d 398, 105 P2d 715 (1940). Accordingly, we hold that the wife shall receive $300 per month to be continued until the death of either party or the remarriage of the wife, whichever occurs first. The provision of the decree for $600 a month for the first year is hereby modified by reducing that amount to $300 a month.

We therefore hold that the "unusual circumstances" which we have detailed in the preceding paragraph are deemed special findings herein; that these findings justify a decree for support in the amount of $300 a month in favor of the wife as permitted by ORS 107.100(1)(c); and that such findings are hereby deemed incorporated in said decree. Nothing would be served by remand to the trial court merely to enter such findings at our direction.

## IV

The defendant wife also challenges the equity of the property division.

The basic outline of the division is set out supra. Most of the property held by the parties came from the husband's parents, either as an inheritance or through gifts. At the time of the divorce, the husband was expecting some $57,250 from his father's estate. The plaintiff husband does not contend that this amount could not be considered by the trial court in dividing the property. And see *Smith v. Smith,* 311 P2d 229 (Okla 1957). However, the plaintiff asserts that assets coming originally from his parents should all be granted to him.

■ Plaintiff is incorrect. While the source of an asset is a relevant factor in determining a property division, it is not controlling. *Ray v. Ray,* supra, 11 Or App at 251.

■ Still, after a review of the record, and noting the sources of the marital property, we affirm the property division.

## V

■ As to defendant's claim for attorney's fees and costs, it is our conclusion that under all the circumstances defendant was not entitled to attorney's fees and costs in the trial court. Defendant is, however, awarded her costs on this appeal. Allowance of attorney's fees on appeal is as provided by ORS 20.310.

Affirmed as modified.

SCHWAB, C.J., specially concurring.

I do not necessarily concur in the majority opinion's conclusions as to the effect of Oregon Laws 1971, ch 280, § 29. *See, State ex rel Town Concrete v. Andersen,* 264 Or 565, 505 P2d 1162 (1973). *See also, Sharp v. Sharp,* 12 Or App 421, 507 P2d 417 (1973). Nevertheless, I concur in the result reached by the majority opinion because it reaches the appropriate result on the issues of substance under either the "old" or "new" law.

FORT, J., joins in this specially concurring opinion.