Argued June 24, affirmed as modified July 15, 1971

BOHANAN, *Appellant, v.* BOHANAN, *Respondent.*
487 P2d 113

*Raymond J. Conboy,* Portland, argued the cause

for appellant. With him on the briefs were Ronald I. Gevurtz, and Pozzi, Wilson & Atchison, Portland.

*Edward J. Murphy, Jr.*, Portland, argued the cause for respondent. With him on the brief were Wheelock, Richardson, Niehaus, Baines & Murphy, Portland.

Before SCHWAB, Chief Judge, and LANGTRY and FORT,* Judges.

SCHWAB, C. J.

On this appeal from a decree of divorce the plaintiff-husband contends (1) he should have been granted the decree of divorce, (2) the court, in dividing the property of the parties, was overly generous to the defendant, cross-complainant, wife, and (3) the facts did not justify an award of permanent alimony to the wife.

While the plaintiff's first two contentions are not without substance, consideration of the entire record leads us to the conclusion that we could not significantly improve the lot of either of the parties by modifying the court's decree as to those matters. The significant question is the award of permanent alimony at the rate of $150 per month until death or remarriage. For the reasons set forth below we do not believe such an award was proper in this case.

The parties were married on August 15, 1958, and lived together until the early summer of 1969. Each of the parties had been married before. The husband had an emancipated son by a former marriage. The wife had a daughter who was about 13 or 14 when the parties married. At the time of the divorce the husband

---

* Fort, J., did not participate in this decision.

was 47 years of age and the wife was 44. The wife came into the marriage with no substantial assets. She was then a stenographer employed by the federal government and held that position until about three years after the marriage when she quit because she no longer wanted to work. The wife conceded that the husband was a steady worker and a good provider earning from $9,000 to $11,500 per year, and turning substantially all of his income over to his wife for management. During the marriage the parties acquired two houses, both encumbered, and a vacant lot, and at one time had some fairly substantial cash savings which had been accumulated by the husband.

The marriage began to deteriorate in 1965. It is apparent that the major cause of deterioration was the daughter of the wife. The daughter married when she was about 17. The marriage was brief. She married again. The marriage did not last, but the daughter gave birth to two children who were aged seven and nine at the time of trial. The daughter did not live a very savory life. From time to time the wife's mother, the wife's daughter and the two small children lived with the parties. The husband's savings were largely exhausted as a result of the misfortunes of his wife's daughter. At the time of the divorce the wife had physical custody of the two children.

As a result of the divorce decree each party was given one of the houses. The wife was given the house with the lesser value, but she was also given the vacant lot which apparently has a market value sufficient to pay off most of the encumbrance on the house she was awarded. While the wife has the physical custody of her two grandchildren their support is not a legal obligation of the husband, and the wife is re-

ceiving $184 per month in Aid to Dependent Children to assist her in caring for them. The wife is in good health and according to her testimony needs only to "brush up" in order to again qualify as a stenographer. Under these circumstances alimony for a period of time sufficient to allow her to regain her stenographic skills before again seeking employment is all that is warranted.

The decree of divorce dividing the property between the parties and directing the husband to pay $150 per month to his wife was entered August 31, 1970. If these payments are continued for another year the wife should have ample time to regain her skills and become self-supporting. We therefore hold that the decree should be modified to terminate the $150 per month alimony payments as of the end of August 1972.

Affirmed as modified. No costs to either party.