Argued November 1, affirmed as modified November 26, 1971

CRAIGMILE, *Respondent, v.* CRAIGMILE,
*Appellant.*

490 P2d 1047

*Lynn Moore,* Springfield, argued the cause for appellant. With him on the briefs were Moore, Wurtz & Logan, Springfield.

*J. Michael Starr,* Eugene, argued the cause for respondent. With him on the brief were Sahlstrom, Starr & Vinson, Eugene.

Before SCHWAB, Chief Judge, and LANGTRY and THORNTON, Judges.

THORNTON, J.

Each party sought a divorce. The trial judge granted the divorce to defendant husband as the party least at fault, awarded certain property to plaintiff and required defendant to pay alimony. Defendant appeals from the following provisions of the decree: (1) Requiring defendant to pay $100 a month alimony until plaintiff remarries. (2) Awarding the family home to plaintiff and requiring defendant to continue monthly payments thereon until the property is sold, but not to exceed six months. (3) Awarding a family automobile to plaintiff and requiring defendant to continue monthly payments thereon until paid for.

The parties were married in 1960. No children were born as issue of this marriage. Defendant was under a support obligation to contribute $120 a month toward the support of two of his minor children by a previous marriage, and was allegedly $1,200 in arrears thereon. Plaintiff had two prior marriages with one grown daughter born of one of her earlier marriages.

Plaintiff is several years older than defendant and has suffered from serious health problems, some or most of which predated the marriage. Defendant was aware of her state of health at the time of the

marriage. No medical testimony was offered on plaintiff's behalf concerning her present physical condition.

During the marriage the parties commenced purchasing the family home, as well as the automobile in issue. The down payment of approximately $3,000 on the home was made with the proceeds from retirement funds of $2,200 accumulated by defendant during his previous employment, plus a contractor's credit of $800. The monthly payments were made mostly from his income. The household goods, furniture and appliances in the home were furnished mostly by plaintiff.

Both parties are presently employed. The evidence was that defendant's take-home pay is $587.81 a month from his full-time job and $156.80 a month from a second job; and that plaintiff receives approximately $171 a month take-home pay.

Considering all the circumstances we conclude that the award of the family home and automobile to plaintiff with defendant's obligation to continue payments thereon as provided in the decree should be affirmed, but that the payment of monthly alimony should continue only for a two-year period, namely, until March 10, 1973, or until plaintiff remarries, whichever is sooner. *Bohanan v. Bohanan,* 6 Or App 141, 487 P2d 113 (1971).

Affirmed as modified. No costs to either party.