Argued July 26, affirmed as modified August 25, petition for
rehearing denied September 19, petition for review
denied November 8, 1972

## BULLOCK, *Appellant, v.* BULLOCK
## (No. 72997), *Respondent.*
500 P2d 490

*Norman K. Winslow,* Salem, argued the cause and filed the briefs for appellant.

*Harold W. Adams,* Salem, argued the cause for respondent. With him on the brief were Estep, Daniels, Adams, Reese & Perry, Salem.

Before Schwab, Chief Judge, and Langtry and Thornton, Judges.

THORNTON, J.

In this appeal by plaintiff husband, he challenges only that portion of the divorce decree which awarded alimony of $150 a month for 10 years to defendant. Defendant cross-appeals seeking increased awards of real and personal property and removal of the 10-year limitation provision as to alimony.

The parties were married in 1938. There were no children born to the marriage. The defendant wife is a skilled secretary and is regularly employed and has been for most of the marriage, earning about $700 a month gross in her state position at the time of the trial. Plaintiff is employed by a Salem firm in a supervisory capacity, having been in the employ of that company for a number of years.

From testimony given the marriage appears to have been accompanied by frequent marital discord and friction between the parties for many years. Though mention was made of divorce several times during the past 10 years, no formal action was taken by either party in that direction. During one such discussion defendant told plaintiff that if there was a divorce, he would have to initiate the suit.

Defendant appears to be of a high-strung temperament and has discussed with doctors her frustra-

tions, some of which related to her complaints of an unsatisfactory sexual relationship with plaintiff, and lack of communication and understanding between them during their marriage. She is presently being treated by an osteopathic physician for a painful but nondisabling physical ailment in her back, arms and fingers, and by a psychiatrist for a mental condition described as "depressive reaction, moderate severity * * * [c]hronic development."

Both medical men were called as witnesses by defendant. Her osteopathic physician testified that her condition had improved considerably while under his care. Her psychiatrist indicated that her physical difficulties were probably aggravated by her emotional problems, and that her emotional problems had been aggravated by "the divorce situation."

The decree of divorce granted to defendant the family residence, household furnishings and personal belongings, plus a 1966 Cadillac, $750 attorney fees and costs and disbursements, plus proceeds from savings and checking accounts. When plaintiff left the family home he divided equally $10,000 in cash, which cash was left in a safe at the residence with a note attached thereto. This division of money was not referred to in the decree. In addition the court awarded defendant $150 monthly alimony, said payments to commence December 15, 1971, and continue each month for 10 years, terminating only upon remarriage of defendant or upon her death, if either should occur.

Plaintiff was awarded a building site of 4.78 acres, a 1956 Pontiac and a 1968 Buick, all interest in insurance policies and shares in Northwest Natural Gas Company.

After reviewing the entire record and particu-

larly the medical testimony, we reject plaintiff's contention that the court erred in awarding alimony to defendant in any amount. We infer from the trial judge's order awarding alimony that he felt the wife should have a reasonable time to recover from her unfortunate physical and mental health problems, and that she should receive financial assistance from plaintiff in meeting them. With this we are in general agreement. However, in view of the limited severity of defendant's difficulties, and considering defendant's regular employment and demonstrated earning capacity, we conclude that $75 a month would be a reasonable amount for plaintiff to contribute, and that a two-year period would be a reasonable time for these monthly payments to continue. See *Craigmile v. Craigmile,* 7 Or App 313, 490 P2d 1047 (1971); *Bohanan v. Bohanan,* 6 Or App 141, 487 P2d 113 (1971).

We find no merit in any of defendant's contentions in her cross-appeal.

The decree below is modified by reducing the amount of monthly payments from $150 to $75, and by providing that those payments shall terminate as of the end of December 1973.

Affirmed as modified. No costs to either party.