Argued March 30, affirmed as modified April 16, 1973

WRIGHT, *Appellant, and* WRIGHT (No. 374-403), *Respondent.*

508 P2d 829

*Alfred M. Varnes, Jr.,* Portland, argued the cause and filed the brief for appellant.

*Brice L. Smith,* Portland, argued the cause for respondent. With him on the brief was Thomas W. Simmons, Portland.

Before SCHWAB, Chief Judge, and FOLEY and THORNTON, Judges.

FOLEY, J.

On this appeal from a decree of dissolution of marriage the petitioner-husband contends that the trial court erred (1) in its orders regarding the parties' home and (2) in awarding alimony of $100 per month to respondent-wife until such time as she might remarry.

The parties were married in 1961. Petitioner is 30 years old, while respondent is 29 years old. Both parties appear to be in good health. Three children were born of the marriage; their ages were nine, eight and three at the time of the entry of the decree. Testimony taken at the trial showed that petitioner's gross salary was $512 every two weeks, which projects to an annual gross salary of $13,312. No tax returns were introduced into evidence to indicate petitioner's periodic or annual take-home pay. In addition, it appears from the record that petitioner is occasionally called upon to work overtime and that he is compensated for such overtime at the rate of time and one-half. However, neither the amount of overtime which petitioner worked in the past nor the amount which he might be expected to work in the future appears with any clarity in the record.

Respondent-wife testified that she has no job

skills, although it does appear that she worked part time as a clerk in a grocery store shortly after the parties' marriage.

The trial court ordered that petitioner pay to respondent $300 per month in child support ($100 per child) and $100 per month alimony until her remarriage. In addition it made certain arrangements regarding the family home. It is from the order of alimony and the arrangements regarding the home that petitioner appeals.

The parties' principal asset was their home, on which a loan balance of approximately $14,000 was owing at the time of trial. The parties were agreed that the home should go to Mrs. Wright, but petitioner at the time of trial requested that he be granted half of the parties' equity in the home. (The total equity was estimated to be approximately $8,000.) Instead, the trial court ordered that petitioner make the monthly payments on the loan balance (which payments amounted to $122 per month) and granted petitioner a lien on the property for the amount of such payments which went to pay off the mortgage principal. On appeal petitioner contends that he should have been granted the one-half equity which he requested, and that he should not be required to make the monthly payments on the home.

■ We agree with the trial court, after reviewing the record de novo,[1] that the arrangement ordered by the trial court is the best possible to insure that the respondent-wife will be able to continue living in the family home with the parties' children. *Cf. Johnson v.*

[1] *See* Emery v. Emery, 5 Or App 133, 481 P2d 656, Sup Ct *review denied* (1971); Hannan v. Good Samaritan Hosp., 4 Or App 178, 471 P2d 831, 476 P2d 931 (1970), Sup Ct *review denied* (1971).

*Johnson,* 245 Or 10, 419 P2d 28 (1966). It seems unlikely that she would be able to pay the mortgage payments out of the alimony and child support payments awarded her. Under the trial court's arrangement not only are Mrs. Wright and her children assured of a home but Mr. Wright is also assured the right to recoup his payments by virtue of his lien.

■ As to the alimony award, we believe that the requirement that petitioner pay until his former wife's remarriage is an unnecessarily onerous burden. We agree in part with the trial court, that is, that until the youngest child is in school the alimony should be paid. However, once all the children are in school, Mrs. Wright would have the opportunity to seek employment and endeavor to develop job skills which would enhance her chances of employment. *See Bullock v. Bullock,* 10 Or App 578, 500 P2d 490, Sup Ct *review denied* (1972); *Craigmile v. Craigmile,* 7 Or App 313, 490 P2d 1047 (1971); *Bohanan v. Bohanan,* 6 Or App 141, 487 P2d 113 (1971).

Barring unforeseen circumstances, we conclude that petitioner's alimony obligation should terminate on the date of respondent's remarriage or when the youngest child reaches seven years of age, whichever occurs first. Should unforeseen circumstances occur so as to materially alter the parties' situations, the decree would of course be subject to modification pursuant to ORS 107.135.

Affirmed as modified. No costs to either party.