Argued March 27, affirmed as modified April 23, 1973

JACOBSON, *Respondent, and* JACOBSON, *Appellant.*

509 P2d 450

*J. W. Walton,* Corvallis, argued the cause for appellant. On the brief were Ringo, Walton, McClain & Eves, Corvallis.

*Timothy Ryan,* Albany, argued the cause for respondent. On the brief were Goode, Goode, Decker & Hinson, Albany.

Before SCHWAB, Chief Judge, and FORT and THORNTON, Judges.

FORT, J.

The trial court entered its decree declaring the marriage dissolved because of irreconcilable differences, awarded support of $300 a month for three years to the wife, and divided the property, awarding the home, the principal asset, to the wife. The parties were married in 1945. Their three children were emancipated. The appeal relates solely to the amount of support money awarded.

The wife contends three years' support at $300 per month is insufficient in view of the husband's admitted current earnings, exceeding $20,000 annually, from selling insurance and from a bail bond business interest. The mortgage payments on the home are about $117 a month. Its balance is $11,500. It is undisputed that the original family home was hers, a gift from her parents. While she concedes she is capable of earning at least $250 a month and has made as much as $600 monthly at short term employment, she urges that $300 a month for three years is insufficient. We agree.

We note that under ORS 107.135 (1) (a), the trial court has authority to "[s]et aside, alter or modify" a support provision made in favor of a party. Thus, the propriety of any support order must be examined primarily in the light of the conditions existing at the time the decree is entered.

ORS 107.105 (1) (c) directs us in awarding support to "consider the following matters:"

"(A) The duration of the marriage;

"(B) The ages of the parties;

"(C) Their health and conditions;

"(D) Their work experience and earning capacities;

"(E) Their financial conditions, resources and property rights;

"(F) The provisions of the decree relating to custody of the minor children of the parties;

"(G) The ages, health and dependency conditions of the children of the parties, or either of them; and

"(H) Such other matters as the court shall deem relevant."

We apply the foregoing statutory guides:

(A) Here the marriage lasted 27 years.

(B) The wife is 51; the husband, 48.

(C) The husband is in good health, is self-employed and actively pursues his vocation. The wife is going through a period of emotional adjustment, taking prescribed supportive medication daily, and is facing the usual adjustment problems met by a housewife whose youngest child is just getting married, and whose husband not only has left her but formed an attachment for another woman. She is, however, making an effort, which appears likely to succeed, to effect the required readjustment. We are advised of no other factors directly relating to their physical or mental conditions.

(D) The husband is a moderately successful insurance salesman and part owner of a small bail bond business, recently established. The wife, a beauty operator at the time of her marriage, had worked successfully for a time prior to the parties' separation as manager of a Kentucky Fried Chicken outlet, earning up to $600 a month. Otherwise, she had been occupied

in the role of homemaker. She was unemployed at the time of the divorce and had no opportunity of immediate employment. Work in the Kentucky Fried Chicken outlet was no longer available.

(E) The husband's income was slightly over $20,000—a figure three to six times that which his wife might reasonably anticipate from any future regular employment. The property division here is not disputed, but such income potential as any of it had is from property which went to the husband.

Neither (F) nor (G) is here applicable.

(H) provides a catchall into which the court must slot those "relevant" matters not covered in the first seven statutory categories. Here the trial judge was not requested to and thus made no findings[1] from which we can determine what, if any, matters he deemed "relevant" thereunder.

■ Integrating the foregoing data with the remaining evidence and inferences reasonably to be drawn therefrom, we conclude that the award of $300 per month support for three years should be modified by extending it until the wife attains the age of 62[2] or remarries.

Affirmed as modified.

---

[1] ORS 107.105 (1) (c) provides:

"* * * If requested by either party, the court shall make and set forth in its decree the findings of fact upon which its award or denial of support was based. * * *"

[2] Sixty-two is the age at which a woman, under most circumstances, may become entitled to social security benefits. Public Health and Welfare, 42 USCA § 402 (a)(2) and (b)(1).