Argued March 29, affirmed as modified, no costs to
either party, April 25, 1973

# LATHROP, *Respondent, v.* LATHROP, *Appellant.*

509 P2d 34

*Richard E. Miller,* Eugene, argued the cause for appellant. With him on the briefs were Miller, Moulton & Andrews, Eugene.

*Frank E. Bocci,* P.C., Eugene, argued the cause and filed the brief for respondent.

Before Schwab, Chief Judge, and Foley and Thornton, Judges.

## THORNTON, J.

Defendant husband appeals from certain provisions of a divorce decree. In particular, the defendant challenges (a) the property division made by the trial court, (b) the award of $150 per month permanent support to plaintiff wife, and (c) his obligation to pay plaintiff's costs and $600 for her attorney's fees at trial.[1]

---

[1] We note that the complaint in this divorce suit was filed on June 17, 1971, and before October 1, 1971, which was the effective date of the new "no fault" divorce law. Oregon Laws 1971, ch 280, § 29. The record does not clearly indicate which law the trial court relied on. In any event, as relevant to this appeal

At the time of the divorce the parties had been married for about 27 years, and both were about 46 years of age. Both parties worked during most of the marriage, and both contributed to their joint assets.

At trial, the parties disagreed as to the value of almost all of the assets. However, the disagreement centered on the valuation, and actual ownership, of an electrical contracting business purchased by both parties in 1968.

When plaintiff filed her divorce complaint the parties owned all of the stock in this company with an outstanding obligation of about $500 on one-half of the stock, and an obligation of about $5,400 on the other half of the stock. By the time of the hearing on the divorce, half of the stock, which was under the $5,400 obligation, had been "repossessed' for default on the purchase payments. Plaintiff was not aware of the default and the "repossession" until some time after these events occurred.

The evidence indicated that defendant had assets from which he could have made the payments on the stock purchase. Also, defendant testified that, although the stock had been "repossessed," still he could purchase it for the $5,400 obligation which was outstanding at the time of the "repossession." The trial court concluded that this "repossession" was really an attempt to deprive the plaintiff of an interest in the contracting business.

Plaintiff testified that this business was worth

---

the outcome would be the same under either the "old" or the "new" law. *See,* Sharp v. Sharp, 12 Or App 421, 507 P2d 417 (1973); Ray v. Ray, 11 Or App 246, 502 P2d 397 (1972); Minovsky v. Minovsky, 10 Or App 540, 500 P2d 1234 (1972).

at least $30,500, the purchase price paid by the parties in 1968. Defendant, at trial and on appeal, objected to this testimony contending that plaintiff was not competent to give a valuation for the business. Defendant asserted that the business had a net worth of only $4,396.

Defendant's objection to plaintiff's valuation is not well taken. Plaintiff worked in the contracting business from 1968 until June 1971. During this time she worked on the company books. Although defendant claimed major losses to the business, these had occurred before plaintiff left the company. Plaintiff was competent to give her opinion of the worth of the business.

The weight to be given to plaintiff's valuation was a matter for the trial court, and the record does not indicate whether the court relied on defendant's or plaintiff's valuation evidence.

■ The court awarded one-quarter of the company stock to the plaintiff. The defendant also received one-quarter of the stock, and the right to purchase the remaining "repossessed" one-half interest in the company.

In addition, plaintiff received the parties' home and furnishings, a 1965 automobile, a lot on the Oregon coast and a savings account. Plaintiff assumed outstanding obligations on both the home and the coast property.

Defendant was awarded a pickup truck and camper attachment, the proceeds from the sale of a boat, motor and boat trailer, stock worth about $5,700, and two insurance policies. Defendant also assumed a loan obligation of about $2,500.

The factors to be considered in dividing marital

property are set out in *Hofer v. Hofer*, 247 Or 82, 87, 427 P2d 411 (1967). We affirm the property division.

■ We also affirm the award of trial costs and $600 attorney's fees to plaintiff. We note that at trial defendant stipulated that if attorney's fees were awarded he would agree to the reasonableness of the amounts claimed. We find that, under all the circumstances, an award of costs and attorney's fees was proper under ORS 107.100 (1) (g). *See also, Costanzo v. Costanzo*, 4 Or App 284, 478 P2d 440 (1970).

■ Although we affirm the decree as to the property division and the award of costs and attorney's fees, on our de novo review we hold that the evidence does not justify the granting of support of $150 per month to the plaintiff until her death or remarriage.

Plaintiff is currently employed by Lane County as an accounting clerk. Her gross salary is about $6,400 a year, or about $4,540 per year on a net basis. Plaintiff has more than 10 years' prior experience with the county, although she has no accrued state retirement benefits since she previously withdrew her contribution, about $1,000, and put the money into the electrical contracting business.

The property division awarded the plaintiff substantial assets; however, these assets are also subject to major outstanding obligations charged to plaintiff.

Defendant's salary may fluctuate depending on the income from the contracting business. However, defendant sets his own salary, and although he claimed that his busines is currently deteriorating, his net salary for the first six months of 1972 was about $4,280.

Under these facts, and after a review of the

entire record, we hold that the support obligation should be reduced to $100 per month to continue for two years, namely, until August 1974, or until plaintiff remarries, whichever is sooner. *See, Bullock v. Bullock,* 10 Or App 578, 500 P2d 490, Sup Ct *review denied* (1972); *Craigmile v. Craigmile,* 7 Or App 313, 490 P2d 1047 (1971); *Bohanan v. Bohanan,* 6 Or App 141, 487 P2d 113 (1971). *See also, Jacobson v. Jacobson,* 13 Or App 152, 509 P2d 450 (1973).

Affirmed as modified. No costs to either party.