Argued May 25, affirmed as modified June 25, 1973

IN THE MATTER OF THE DISSOLUTION OF THE MARRIAGE OF
SCHEER, *Respondent, and* SCHEER, *Appellant.*

513 P2d 174

*Douglas G. Combs,* Ontario, argued the cause for appellant. With him on the briefs was Martin P. Gallagher, Ontario.

*W. F. Schroeder,* Vale, argued the cause for respondent. With him on the brief were Schroeder, Denning & Hutchens, Vale.

Before SCHWAB, Chief Judge, and FORT and THORNTON, Judges.

FORT, J.

The wife as petitioner was granted a decree of dissolution of marriage. Respondent husband appeals from those portions of the decree relating to child support, support for the wife, division of property and award of attorney fees to the petitioner.

The parties, married about 20 years, had five

children. The court awarded custody of the two older children, ages 18 and 17, to the husband and the three younger children, ages 13, 10 and 5, to the mother. This award is not challenged on appeal.

The husband is a chiropractor. The joint tax returns filed by the parties for the past ten years are in evidence. At no time during the last five years did his net income from his practice reach $700 per month, varying from $525 per month in 1967 to a high in 1970 of $677. The last full year of the marriage his average monthly income from his practice was $620. Depreciation on professional equipment raised his cash flow $138.50 per month. During the same year petitioner earned $5,026.68 as a school teacher from the Malheur County School District. The parties owned a duplex which showed consistently a substantial net loss for tax purposes. Excluding depreciation its annual cash flow income was $304.05. Income from interest was $473.36, and $125.94 from dividends. Principal payments on mortgages, however, are not included.

■ Finally, the wife from her private music teaching earned apart from her position with the school district a further sum she estimated at $1,000. The court awarded her the savings accounts and tax refund aggregating in excess of $10,000, and also all shares of stock having a total value of approximately $5,000. Much of the award to the wife was made to compensate her for her own inheritance from her parents. Respondent, however, was awarded his accounts receivable. We think this reasonable under the circumstances.

■ All the real property including the home, the duplex and his chiropractic office were located on a single piece of property, various portions of which were heavily but separately encumbered. The buildings

were so located that they were in certain respects mutually dependent upon one another for some essential services. There was no error in awarding the real estate to the parties in equal shares.

■ At the time of the hearing it was necessary for the wife to complete certain educational requirements in order to maximize her permanent employability as a teacher. This required a full year's further study, which she began in September 1972 at Eugene. This required her moving, at least temporarily, to that city, which she did with the three children. At the time of the hearing she lived with them in student housing and incurred special expenses for kindergarten and child care during the year.

The trial court awarded $150 a month child support for each child and the further sum of $200 per month for her own support, making a total of $650 a month. No time limitation was placed upon the support order.

In her testimony the wife stated, concerning her need for support money:

"Q [By Mr. Schroeder, attorney for petitioner]: * * * Now, after you are able to work, after the end of the year, assuming you're able to find a job, do you believe you'll be able to support yourself?

"A Yes, and we'll all pray that I get a job because they're certainly hard to come by."

Indeed her counsel, in response to a question from the court, stated:

"MR. SCHROEDER: With that, the plaintiff rests.

"THE COURT: The thing you're talking

about is you ask for $125. now you want $150. is that what—

"MR. SCHROEDER: Plus $200. and then—

"THE COURT: Plus $200. for that year—the first year—

"MR. SCHROEDER: For the first year and $50. thereafter * * *."

We conclude that the award of $200 per month support money should be modified by terminating the same effective June 30, 1973, the normal end of the school year.

■ We turn to the child support matter. Bearing in mind that the court awarded the custody of the two older children to the father, the relative ages and the reasonable needs of all the children as well as the needs and the reasonable capacity of appellant as shown from the evidence, we conclude that the amount of child support should be reduced from $150 per month per child to $100 per month per child for the three younger children, effective also on June 30, 1973.

■ Finally, appellant challenges the award to the wife of $750 attorney fee. We affirm the award. The remaining assignment is without merit. ORS 107.036 (2).

Affirmed as modified.