Argued July 27, affirmed August 6, 1973

IN THE MATTER OF THE DISSOLUTION OF THE MARRIAGE OF
JOHNSON, *Appellant, and* JOHNSON, *Respondent.*

513 P2d 178

*Robert H. McSweeny,* Hillsboro, argued the cause for appellant. With him on the brief was Donald H. Hartvig, Portland.

*Gary E. Rhoades,* Portland, argued the cause for respondent. With him on the brief were Bauer, Murphy, Bayless & Fundingsland, Portland.

Before SCHWAB, Chief Judge, and FOLEY and FORT, Judges.

FORT, J.

Pursuant to petitioner's petition the trial court

dissolved the parties' marriage, awarded custody of the three children, ages eight, four and two, issue of the marriage, to the respondent wife, together with child support, property division and an award of alimony. The latter was payable over a 36-month period at the rate of $125 per month for 20 months, $100 per month for the next 10 months, and $50 per month for the final six months. This appeal challenges only the award of alimony.

The wife was about 18 and the husband 19 at the time of the marriage in March 1960. She had no particular job skills. Because she testified that she believed she could build up a baby-sitting business in her home which might in time gross as much as $300 per month, petitioner contends no alimony should have been awarded.

Here the wife was awarded the home subject to a mortgage payment which she assumed of $223.50 per month. The total child support awarded was $300, being $100 a month per child. It seems clear that the award of alimony for the limited period of 36 months is, under such circumstances, entirely reasonable and is fully consistent with our decision in *Wright and Wright,* 13 Or App 101, 508 P2d 829 (1973).

Petitioner strenuously contends that many of the questions addressed by the court itself over objection to respondent while she was on the stand were concerned solely with who was "at fault" in the dissolution of the marriage, and thus in violation of ORS 107.036 (1).[1] Here he contends the custody of the children was not in issue nor was such evidence neces-

---

[1] ORS 107.036 (1):

"The doctrines of fault and of in pari delicto are abolished in suits for the annulment or dissolution of a marriage."

sary to prove irreconcilable differences, since their existence was undisputed.

Since from our examination of the record we are, as stated above, satisfied that the court's award of alimony was correct, we do not find it necessary to decide whether the court's questioning of respondent wife concerning "fault" of the husband was proper under the circumstances.

Affirmed.