Argued October 4, affirmed November 13, 1973

IN THE MATTER OF THE DISSOLUTION OF THE MARRIAGE OF
LAIRSON, *Respondent,* and LAIRSON, *Appellant.*

515 P2d 728

*Henry L. Bauer,* Portland, argued the cause for appellant. With him on the brief were Bauer, Murphy, Bayless & Fundingsland, Portland.

*Fred A. Anderson,* Tigard, argued the cause for respondent. With him on the brief were Anderson & Dittman, Tigard.

Before Schwab, Chief Judge, and Langtry and Fort, Judges.

PER CURIAM.

The parties each sought and the court granted a decree of dissolution of their marriage. The husband appeals.

He here challenges only[1] the amount and duration of the award of alimony. The court awarded the wife $500 a month "for an indefinite period of time until further order of the court."[2] The wife, by the decree, assumed a monthly mortgage payment of $212 on the family home which was awarded to her. She also, by the decree, was required to make monthly payments of $269.33 to discharge an existing indebtedness on personal property awarded to her. Neither of the contracts is in evidence, thus, the duration of the payments is not clearly established.

Respondent points out that petitioner-wife has, in earlier years, taught school and contends that this potential skill is a factor to be considered in connection

---

[1] We quote from appellant's brief:

"The issues on appeal are whether the sum of $500 per month is a reasonable sum which the court should have allowed for the support and maintenance of the petitioner, and whether such support and maintenance should be paid for an indefinite period of time."

[2] We note that the memorandum opinion of the court expressly provides for termination of alimony upon remarriage of the wife. The decree does not.

We presume that the trial court in awarding alimony for an indefinite period of time, until further order of the court, necessarily had reference to the right of a party to seek modification of a support order under ORS 107.135 (1) (a), and, pursuant thereto, for the court to enter such order as from the evidence it finds appropriate.

with the duration of the alimony payments. *Wright and Wright,* 13 Or App 101, 508 P2d 829 (1973); *See also: Johnson and Johnson,* 14 Or App 203, 513 P2d 178 (1973); *Scheer and Scheer,* 13 Or App 551, 513 P2d 174 (1973); *Dunn and Dunn,* 13 Or App 497, 511 P2d 427 (1973).

██ Certainly such a circumstance is one relevant consideration, but it is by no means the only one. Here the award of $500 per month in the light of the current monthly payment obligations respondent is required to assume under the decree, even when considered with the unchallenged monthly child support ordered in the aggregate amount of $800 per month for the four children appears entirely reasonable for a man to pay whose current annual income before taxes is in excess of $40,000. There was no abuse of the trial court's discretion. *Smith v. Smith,* 212 Or 654, 320 P2d 1111 (1958); *Shields v. Bosch,* 190 Or 155, 224 P2d 560 (1950).

Affirmed.