Argued March 29, affirmed as modified April 15, 1974

IN THE MATTER OF THE DISSOLUTION OF THE MARRIAGE OF
PERKINS, *Appellant, and* PERKINS (No. 384-870),
*Respondent.*

521 P2d 22

*Gary M. Galton,* Portland, argued the cause for appellant. With him on the brief were Herbert B. Galton and Galton & Popick, Portland.

*Burton J. Fallgren,* Portland, argued the cause and filed the brief for respondent.

Before SCHWAB, Chief Judge, and LANGTRY and FOLEY, Judges.

FOLEY, J.

This is an appeal from a decree of dissolution of marriage. The decree awarded respondent-wife support of $400 per month, to be reduced by an amount equal to Social Security benefits available to her when she reaches the minimum age for such benefits. The appellant-husband is also required by the decree to pay respondent attorney fees of $1,500. The appeal challenges the amount and permanency of the support, and the attorney fees.

The parties were both 46 at the time of the trial and had been married 30 years. There are no minor children. They have accumulated very few assets during the marriage. Respondent received a stereo and a 1967 Plymouth, both of which were paid for by appellant prior to the trial. He received a 1970 Buick on which he owed $2,200 at the time of the trial. He also owed about $4,300 on other loans. His total monthly payments on the loans amounted to about $320. His monthly take-home pay averaged $1,353, including an entertainment and car allowance. Assuming his allowances were used entirely for his business needs, his disposable income averaged at least $1,170 per month.

Appellant stated his monthly expenses to be $843, although he did not include $40 he said he pays on some small bills. Respondent stated her expenses to be $453.50. This does not include an allowance for medical expenses other than health insurance and drugs.

It is apparent that neither party can receive enough income to cover claimed expenses, since the total expenses claimed are greater than appellant's income. We believe, however, that the award of $400 per month support should be decreased after two years. Although respondent is not in perfect health and does not have a readily marketable job skill, there is no evidence to support a conclusion that she cannot work at all. Therefore, the support payments should be reduced to $300 per month two years from the date of the decree. This will give respondent an opportunity to train for employment so that she may contribute to her own support. *Wright and Wright,* 13 Or App 101, 508 P2d 829 (1973); *Bohanan v. Bohanan,* 6 Or App 141, 487 P2d 113 (1971).

■ There was evidence presented at the trial which indicated that respondent may receive a substantial sum from the estate of her deceased mother. The evidence pertaining to the assets of the estate was speculative at best, however, and there was no evidence as to possible debts of the estate. In addition, there was potential litigation over the deceased's assets. Appellant may desire to apply to have the decree modified at some future time should respondent receive a large inheritance.

There was also evidence which indicated that appellant does not yet have vested rights in a pension,

although he might eventually receive benefits from two pension programs in addition to Social Security. Since support is subject to modification, there is no need to be concerned with future pension benefits at this time.

■ Respondent was awarded a $1,500 attorney fee. We consider this reasonable considering there were three and one-half days of trial, one afternoon for depositions, and more than one afternoon for arguing motions, and other preparation and client counseling.

Affirmed as modified.