Argued May 17, affirmed as modified June 17, 1974

IN THE MATTER OF THE DISSOLUTION OF THE MARRIAGE OF
AASUM, *Appellant, and* AASUM (No. 27474),
*Respondent.*
523 P2d 581

*Robert Mix,* Corvallis, argued the cause and filed the briefs for appellant.

*LaVerne M. Johnson,* argued the cause for respondent. On the brief were Thomas & Johnson and George B. Heilig, Corvallis.

Before SCHWAB, Chief Judge, and FOLEY and THORNTON, Judges.

FOLEY, J.

Appellant-husband appeals from a dissolution of marriage decree, contending that the trial court erred (a) in the division of property, (b) in the amount and duration of support awarded the wife, and (c) in granting the wife $1,000 in attorney's fees.

The parties were married in 1949 and had three children. The eldest child is married and the other two were both seniors in high school at the time of trial. The husband has agreed to pay $125 per month child support per minor child and he also agreed to contribute to their educational needs and to provide medical coverage for them. There is no dispute as to these matters.

The evidence shows that the husband, age 42, is a successful chiropractor, and that, almost exclusively through his efforts, the parties accumulated substantial assets in their 24 years of marriage. Both parties enjoy good health. The husband's gross income fluctuated between approximately $27,000 and $34,000 for the years 1970-72. The evidence disclosed no indication that

it would not continue at roughly that level for the foreseeable future.

The wife, age 41, has a high school education and no special training. She worked in various office jobs prior to the parties' marriage, but since their marriage her only employment was several months' work in her husband's office. She testified that she has not looked for work, that she would prefer not to work, and that she feels no obligation to work.

■ Considering first the issue of division of property, it appears that the trial judge used the sensible approach of awarding the husband the business and business-related assets, while awarding the wife roughly the same value from other assets, including the family home and household furniture. In addition, the judge awarded the parties individual items which they expressed a desire to retain. The values of most items were stipulated. There were several items whose values were disputed, and as to those we have made a de novo determination based on what appears to us to be the most reliable indicia of value. Our calculations reveal that the husband received assets with an approximate net value of $105,945, while the wife received assets with an approximate net value of $105,639. This division, while generous to the wife, is reasonable. While the wife made little financial contribution to the acquisition of the parties' assets, the value of her contribution of 24 years as wife and mother is substantial. We affirm the trial court's division of property.

■ As to the issue of support for the wife, the trial court ordered the husband to pay to the wife $790 per month for the first 12 months following the decree,

$540 per month for the next 24 months, and $340 per month thereafter until the wife's death or remarriage. We find that, although the declining monthly amounts were proper to allow the wife to convert the property awarded her into income-producing assets, the duration was excessive.

■ Nothing in the record or the briefs indicates that the wife is unable to work. She appears to be an intelligent, capable person who would simply prefer not to work. However, such a preference is not sufficient to justify an award of support on a permanent basis. *Kitson and Kitson,* 17 Or App 648, 523 P2d 575 (1974); *Wright and Wright,* 13 Or App 101, 508 P2d 829 (1973); *Bohanan v. Bohanan,* 6 Or App 141, 487 P2d 113 (1971). Barring unforeseen circumstances, a period of six years should be sufficient for the wife to develop job skills and become employable. We therefore modify the husband's support obligation to her as follows: The husband shall pay to the wife $790 per month for the first 12 months following the decree, $540 per month for the next 24 months, and $340 per month for the next 36 months. The husband's obligation to pay such support shall cease after 72 months or upon the wife's remarriage, whichever occurs first.

Finally, the husband contends that the trial court erred in awarding the wife $1,000 in attorney's fees. The court set the fees pursuant to a stipulation between the parties that if the court allowed attorney's fees to the wife it could set the amount without further hearing or evidence. Therefore, there is no evidence in the record upon which to review meaningfully the trial court's award.

Affirmed as modified. Costs to neither party.