Argued January 14, affirmed February 10, 1975

IN THE MATTER OF THE DISSOLUTION OF THE MARRIAGE OF
CUSHMAN, *Appellant, and* CUSHMAN (No. 28919),
*Respondent.*

531 P2d 911

*William M. Holmes,* Bend, argued the cause for appellant. With him on the brief were Gray, Fancher, Holmes & Hurley, Bend.

*Willard Bodtker,* Albany, argued the cause for respondent. With him on the brief were Long, Bodtker & Post, Albany.

Before SCHWAB, Chief Judge, and LANGTRY and LEE, Judges.

SCHWAB, C. J.

This is an appeal from a dissolution-of-marriage decree. The parties began their marriage with practically no financial resources, but accumulated substantial assets during their 23 years of marriage and the husband presently has a substantial income. The husband appeals from the decree, contending (1) the division of assets was unfairly weighted in favor of the wife, (2) the award of support to the wife was excessive as to both amount and duration, and (3) the court erred in allowing the wife to recover as a cost of trial an expert witness fee of $300.

■ As to the first two contentions, applying the standards set forth in *Kitson and Kitson,* 17 Or App 648, 523 P2d 575, Sup Ct *review denied* (1974), and *Aasum and Aasum,* 17 Or App 658, 523 P2d 581 (1974), we conclude that if we had been the original triers of this case we would not have reached a result significantly different from that reached by the trial judge. We note that the husband makes a point of the fact that he has no guarantee that his present substantial income will not be reduced in the future. If such comes to pass it could be the basis for a motion to modify the support provisions of the decree.

■ The third issue has not previously been before this court. As noted above the marital assets were substantial and the wife called an expert witness to establish values. We interpret ORS 107.105(1)(h) as being intended to authorize the allowance of such costs in domestic relations cases. ORS 107.105(1)(h) provides:

> "(1) Whenever the court grants a decree of * * * dissolution of marriage * * * it has power further to decree as follows:
> "* * * * *

"(h) A judgment against one party in favor of the other for * * * any such further sums as additional * * * costs and expenses of suit or defense as the court finds reasonably and necessarily incurred by such party * * *."

The husband does not cite any legislative history or other authority in point. He cites only *Kendall v. Curl et al,* 222 Or 329, 353 P2d 227 (1960), which is not in point inasmuch as it deals with costs in an action at law. Even if the provisions of the statute had been in effect at the time of the *Kendall* decision, by its terms it would not have applied to actions at law. It is solely a part of the domestic relations code.

Affirmed.