Argued September 23, affirmed as modified, no costs to either party
November 1, 1976

In the Matter of the Dissolution of the Marriage of
KENNEDY, *Appellant,*
*and*
KENNEDY, *Respondent.*
(No. 418-404, CA 6232)
555 P2d 803

*Victor C. Hefferin,* Portland, argued the cause and filed the brief for appellant.

*George R. Waldum,* Portland, argued the cause and filed the brief for respondent.

Before Schwab, Chief Judge, and Fort and Thornton, Judges.

FORT, J.

**FORT, J.**

The husband appeals from a marriage dissolution decree which requires him to pay $200 per month permanent spousal support. During their 27-year marriage, the parties had enjoyed a high standard of living, making numerous trips abroad and exchanging expensive presents. At the time of dissolution the husband was 50 years old, the wife was 52, and both were in good health. All three of their children were emancipated.

Both of the parties hold college degrees and are gainfully employed. The wife is a tenured teacher, with an anticipated gross salary in 1975-76 of $11,520. In 1975 the husband's gross income from his main occupation of traveling salesman was $22,000; other sources accounted for an additional $1,600. Both have retirement benefits.

The husband cites the criteria enunciated by this court in *Kitson and Kitson,* 17 Or App 648, 523 P2d 575, Sup Ct *review denied* (1974), and contends that the trial court erred in awarding permanent support to an already self-supporting wife. The wife directs our attention to cases in which long-term alimony was awarded to wives of approximately the same age as herself and whose marriages were of similarly long duration. *Jacobson and Jacobson,* 13 Or App 152, 509 P2d 450 (1973); *Morgan v. Morgan,* 13 Or App 14, 507 P2d 409, Sup Ct *review denied* (1973); *Tann and Tann,* 12 Or App 441, 507 P2d 404 (1973). Those cases are distinguishable in that here the wife at the time of dissolution was in a much stronger position as a wage earner than were the wives in the above cases.

From our examination of the record and in light of the fact that the husband's gross income is about twice that of the wife, the length of the marriage, and the relatively high standard of living mutually enjoyed and established by the parties during the marriage, we conclude that an award of $100 per month from the

date of the original decree until the wife attains the age of 65 or remarries is appropriate.

Affirmed as modified. No costs to either party.