Argued and submitted February 25, modified in part;
remanded in part May 11, 1981

## In the Matter of the Marriage of

FOWLER,
*Respondent,*
*and*
FOWLER,
*Appellant.*

(No. 113,449, CA 18779)

627 P2d 1304

Gilbert B. Feibleman, Salem, argued the cause for appellant. With him on the brief was Ramsay, Stein & Feibleman, Salem.

William G. Paulus, Salem, argued the cause for respondent. With him on the brief was Paulus & Callaghan, Salem.

Before Gillette, Presiding Judge, and Roberts and Young, Judges.

YOUNG, J.

**YOUNG, J.**

Wife appeals from those portions of a decree of dissolution of marriage concerning the amount and duration of spousal support, the amount of child support and the amount of the costs awarded. We modify the decree with respect to the duration of spousal support, remand to the trial court for a redetermination of child support and award expert witness fees.

The parties were married for 30 years. At the time of trial husband was 50 years of age, wife, 49, and both were in good health. Husband has worked for West Coast Grocery Company for 32 years and is presently General Manager and Vice President of the Oregon division. His income is substantial with the promise of continuing until retirement. His gross income in 1979 was $58,000; his net income was approximately $3,350 per month. In addition, his company has given him an annual cost-of-living increase for the last three years, ranging from 8 percent to 12 percent by the last one. He has also received a bonus every year since 1975, but he testified that receipt of future bonuses is dependent on performance.

Wife worked during the first eight years of the marriage as a bank teller and at a small grocery store. At the time of the separation she had not worked for 20 years. Through an employment agency, she briefly obtained employment as a part-time bank teller and presently works as a receptionist at the YMCA. She has plans to generate supplemental income in the future giving dance lessons. Her net monthly income is about $385. She testified that she is confident that she can acquire and retain employment.

The couple have two children. Only the youngest, age 16 at the time of trial, is still dependent.

## SPOUSAL SUPPORT

Wife's first assignment of error is that the trial court erred in making the spousal support award automatically terminable upon remarriage. We agree. In *Grove and Grove,* 280 Or 341, 571 P2d 477, *modified* 280 Or 769, 572 P2d 1320 (1977), the Supreme Court stated:

"If remarriage by the supported spouse is not, as a matter of law, grounds for automatic termination of spousal support, we cannot approve the general practice of inserting provisions to that effect in support decrees as a matter of routine. Unless there is a reason, at the time the decree is entered, to predict a remarriage which will substantially change the circumstances relevant to the support award, the question of the effect of remarriage upon a support decree should await the event and a proper application for modification of the decree." 280 Or at 355.

We find nothing in the record which provides a reason for the termination provision in this particular case. *See Grove and Grove, supra,* at 356. Husband argues that the trial judge inserted the provision to insure that the support payments were deductible by husband and taxable to wife under IRC § 71. However, we do not consider such tax consequences to be the type of foreseeable change of circumstances which the *Grove* court considered grounds for asserting an automatic termination provision in a decree at the time the decree is entered. *See Grove and Grove, supra,* at 355.

### PERMANENCY OF SUPPORT

Wife further contends that she is entitled to permanent spousal support of $1,000 a month. The court awarded declining spousal support of $1,000 a month for five years, $750 a month for three years, and $500 a month for two years. Wife received property, which by husband's evaluation was worth $129,000. Husband received assets, which by his evaluation were worth $90,453. Wife did not contest the property division, and husband has not cross-appealed. In making the support award, the trial judge stated: "* * * I have considered a disparity in property division of almost $30,000 in favor of respondent [wife], and that she should have an opportunity to improve her job skills and phase out her dependency gradually."

As has often been stated, the most significant factor in making a decision regarding duration of spousal support is whether the wife's property and potential income, including what she can earn or become capable of earning, will provide her with a standard of living which is not overly disproportionate to the one she enjoyed during the marriage. *Grove and Grove, supra,* and *see* ORS

107.105(1(c). Where self support is possible, permanent support is disfavored as against legislative policy. *Id.* We recently stated in *Franzke and Franzke,* 51 Or App 35, 41, 624 P2d 632 (1981), that:

> "Frequently, where the marriage is of long duration and the parties have such disparate earning capacities, permanent spousal support is awarded in order that the dissolution will not have an overly disproportionate impact on the disadvantaged spouse." (Citations omitted.)

We think that, as in *Frankze,* it is likely here that wife's earning capacity will never amount to more than a small fraction of the amount husband is capable of earning. *Id* at 42. Therefore, spousal support should be permanent.

■ However, as to amount, we agree that a declining scale of support is appropriate, given the facts that wife is improving her job skills and that she received a greater share of the property assets. *Frishkoff and Frishkoff,* 45 Or App 1033, 1045, 610 P2d 831 (1980). We conclude that $1,000 a month for five years, $750 a month for three years, and $500 a month permanent spousal support, not automatically terminable on remarriage, is a just and equitable award.

## CHILD SUPPORT

■ Wife contends that the court should have awarded her $500, rather than $300, a month child support, given husband's "unusually high income and the circumstances of the child's standard of living." The only dependent child is now 16, and, if she continues in school, will be entitled to support for a maximum of five years.

We must consider the adequacy of the child support award in light of the formula and factors recently set out by the Supreme Court in *Smith v. Smith,* 290 Or 675, 626 P2d 342 (1981). *Smith* requires courts initially to use a formula which relates the income of both parents to the "child's need":

> "'Need' is [defined as] that amount which is required for the actual, necessary expenses of providing for the child a standard of living which would have been enjoyed but for the dissolution. All of the circumstances of the parties must be considered in the difficult factual determination of the need, including: 1. the physical and emotional condition of the child; 2. the need and capacity of the

child for education, including higher education; 3. the age of the child; and 4. the financial resources and earning ability of the child." *Smith v. Smith, supra,* at 684.

Although evidence of some of these factors exists in the record, we find the record inadequate to enable us to make an isolated determination of the "child's need" following the guidelines set out in *Smith.* Therefore, we remand for a re-determination of child support consistent with *Smith.*

### COSTS AWARD

■ Wife's final assignment of error is that the trial court should have awarded her $990 for expert witness fees. We agree.

ORS 107.105(1)(h) provides:

"Whenever the court grants a decree of * * * dissolution of marriage * * * it has power further to decree as follows:

"A judgment against one party in favor of the other for * * * any such further sums as additional * * * costs and expenses of suit or defense as the court finds reasonably and necessarily incurred by such party * * *."

*Cushman and Cushman,* 20 Or App 317, 531 P2d 911 (1975), specifically authorizes payment of expert witness fees under ORS 107.105. Wife's expert was a certified public accountant who gave testimony on the income tax effects on both parties of the support amounts in dispute at the time of trial. ORS 107.105(2) stipulates that in determining the proper amount of support and the proper division of property, the trial court "may consider evidence of the tax consequences on the parties of its proposed decree."

The trial judge denied the cost bill because he determined that, under *Cushman and Cushman, supra,* the test is whether in *retrospect* the expert testimony was necessary to assist the court in its decision. While the judge admitted that wife was correct in hiring the expert, he denied costs because, as it turned out, husband's testimony was "so straightforward" that the judge was able to glean from husband's and other testimony those facts necessary for him to reach a decision.

We think the trial judge's analysis of *Cushman* is incorrect. The court is authorized to award costs which are "reasonably and necessarily incurred." While we agree that

this decision must be left to the discretion of the trial court, we think the retrospective interpretation of "reasonable and necessary" made by the trial judge was unduly restrictive and unfair. Evidence of tax consequences of the parties may be an important factor. ORS 107.105(2). Therefore, it was both reasonable and necessary for wife to hire the CPA in order to present her case. She should not be required to foresee that, in light of other testimony over which she had no control, much of the expert's information was not necessary for the judge to make a decision. We therefore modify the trial court's decree to award expert witness fees as statutory costs in the amount of $990.

We modify the decree to delete automatic termination of spousal support, to award permanent spousal support after ten years in the amount of $500 per month and to award expert witness fees. We remand for further proceedings on the issue of child support consistent with *Smith v. Smith, supra.*

Modified in part; remanded in part. No costs to either party.