Argued and submitted April 27, decree modified
and as modified affirmed December 1, 1981

In the Matter of the Marriage of

ANDERSON,
*Respondent,*
*and*
ANDERSON,
*Appellant.*

(No. 80-4-469, CA 19612)

637 P2d 615

Sid Brockley, Oregon City, argued the cause and filed the brief for appellant.

James F. O'Rourke, Jr., Portland, argued the cause for respondent. With him on the brief was John S. Marandas, Portland.

Before Buttler, Presiding Judge, and Warden and Warren, Judges.

WARDEN, J.

**WARDEN, J.**

In this dissolution proceeding, husband appeals the property distribution and the awards of child support and spousal support to wife. We affirm the decree as modified herein.

Husband, age 27, and wife, age 26, were married for seven years. Both are in good health. There are two children of the marriage, ages 3 and 4. Husband works as a post office employee, earning a gross income of $16,640 per year. Wife works in a produce warehouse for Safeway Stores. Her work is seasonal. During the 12-month period immediately preceding trial, wife earned $16,709.

The trial court awarded wife temporary spousal support in the sum of $125 per month for seven months, ending in June, 1981, after which time and until October, 1981, the award was set at $1.00 per month. Thereafter, it was set at $75 per month until June, 1982, when it was again to be reduced to $1.00 per month until November, 1983. The parties were awarded joint custody of the two children, with wife receiving physical custody along with support of $165 per month per child, except for one month each year while husband has physical custody of the children. Husband was to maintain medical insurance coverage for the children, as well as insurance on his life with the children as beneficiaries.

The trial court awarded wife the family home, plus other marital assets, with a total value of $28,150. Husband was awarded assets worth $26,050, plus a judgment lien on the residence in his favor in the amount of $2000, at 9% interest per annum.

Husband's first assignment of error is that the court erred in granting wife any spousal support and child support in the total amount of $330 per month. We uphold the child support award and reverse the award of spousal support.

■ ■ In the recent case of *Smith v. Smith,* 290 Or 675, 626 P2d 342 (1981), the Supreme Court set out a formula to be applied in determining child support when both spouses have income and enough assets to meet bare necessities. The formula relates the income of both parents to the needs

of the children. Using "N" to represent the noncustodial parent and "C" to represent the custodial parent, the relationship looks like this:

$$\text{obligation of N} = \frac{\text{Income of N}}{\text{Income of N} + \text{Income of C}} \times \text{needs of children}$$

*Smith v. Smith, supra,* 290 Or at 684. Although the parties in the present case were unaware of the *Smith* formula at time of trial, the record provides us with enough evidence to enable this court to apply the *Smith* formula. Wife testified that expenses for herself and the children were $1300 per month. On *de novo* review of the record we are able to determine that approximately $660 per month is expended on fulfilling the children's needs.[1] Plugging the available figures into the *Smith* formula, we come up with the following:

$$\frac{\$16{,}640 \text{ per year}}{\$33{,}349 \text{ per year}} \times \$661.50 \text{ per month} = \$330.09 \text{ per month}$$

The trial judge, in awarding wife $330 per month in child support, came uncannily close to the amount that would have been awarded had *Smith* been applied. We, therefore, decline to modify the child support award.

■    In making an award of spousal support to wife, the trial court tried to match her high-income months with a nominal award ($1.00) and her low-income months with a higher award ($125-$75). The record shows, however, that wife makes enough in the "good" months to tide her over the "bad" months. Although wife testified that, because she was working fewer days, her income was lower in October, she presented no evidence that she expected to earn any less in future years than in the previous year. Wife's only argument is that, because her work is seasonal, she is not

---

[1] Wife's uncontradicted testimony was that she had the following monthly expenses attributable to her having custody of the children:

| | | |
|---|---|---|
| $150.00 | - | Baby-sitter |
| 339.00 | - | Excess of mortgage payments over reasonable rent of an apartment for herself alone |
| 100.00 | - | Food |
| 15.00 | - | Clothing |
| 2.50 | - | Utilities |
| 15.00 | - | Insurance |
| 40.00 | - | Personal requirements |
| $661.50 | | |

able to predict with any certainty how much she may make in future months, and, hence, spousal support is appropriate until she "gets on her feet."

In *Grove and Grove,* 280 Or 341, 571 P2d 477 (1977), the court set out guidelines for awards of spousal support. After discussing the line of cases decided by this court, the Supreme Court stated:

" * * * The legislature has directed the courts to consider, among other things, the wife's earning capacity and financial condition. For those factors to be meaningfully considered, they must be compared to something. The Court of Appeals has chosen to compare them to the standard of living during the marriage and to the husband's income potential. Nothing in the statutory scheme forbids that approach * * * ."

In *Grove,* the court was concerned with putting spouses who had unequal earning capacities on an equal basis. Here, husband and wife have approximately the same incomes. In *Grove,* support was awarded to "provide the wife the opportunity to *increase* her earning capacity." (Emphasis added.) *Grove and Grove, supra,* 280 Or at 353. In the present case, there is no indication that wife plans to go to school, change jobs or in any other way alter her present employment situation. Spousal support is not indicated in the circumstances.

Husband's second assignment of error is that the trial court erred in its valuation of the residence and several items of personal property, thus making the property division unequal. The only evidence presented at trial as to the valuation of the residence was testimony from wife that the house was purchased in December, 1979, for $82,500, and testimony from husband that he "supposed" that after a year the house had appreciated to $90,000.[2] Husband is, in effect, asking this court to take judicial notice of the fact that the house appreciated in value.

Under ORS 41.410, a court can take judicial notice of matters of common knowledge or general notoriety, including matters which, although not known by the court, are facts capable of certain verification. *Meier v. Bray,* 256

---

[2] Although the house was purchased in December, 1979, closing was not until February, 1980. The trial was in October, 1980.

Or 613, 620, 475 P2d 587 (1970). Although houses have tended to appreciate in value over the years, the economy is not so predictable that a court can be assumed to have common knowledge of its effect on particular parcels of real estate. In the absence of an expert appraisal, we cannot say the trial court erred in setting the value of the residence at $82,500, with an equity of $20,000.

■ Husband further contends that certain items of household goods were undervalued by the trial court. Wife valued the household goods and furnishings at $3500, while husband valued them at $12,125. We find the wife's valuations, which were based on resale value of items, to be more realistic than husband's figures, which were based on replacement value.

■ Husband next contends that the trial court erred in placing a value of $12,000 on the parties' Piper aircraft without taking into account a $3000 encumbrance against it. We agree. However, in light of the facts that husband did not contribute anything to the payment of the home mortgage during six months separation prior to trial, paid wife only $250 for child support during that period and was awarded a judgment lien of $2000 on the residence, we refuse to alter the property distribution decreed by the court below.

Decree modified to eliminate spousal support and, as modified, affirmed. No costs to either party.