Argued and submitted January 27, affirmed in part, remanded in part July 11, 1984

In the Matter of the Marriage of
## JOHANSEN,
*Appellant,*
*and*
## JOHANSEN, nka Adams,
*Respondent.*
(114,381; CA A27569)
685 P2d 449

Jossi Davidson, Silverton, argued the cause and filed the brief for appellant.

Arthur B. Cummins, Salem, filed the brief for respondent.

Before Buttler, Presiding Judge, Joseph, Chief Judge, and Rossman, Judge.

JOSEPH, C. J.

## JOSEPH, C. J.

This is the second appellate installment in an extra-ordinarily complex and confusing ongoing domestic relations dispute. The entry of the dissolution decree in July, 1980, marked the end of the parties' eight-year marriage and the beginning of a so-far unending series of thrusts and counterthrusts. There are four children. The oldest two, who are now both over the age of 18, were born to wife during a previous marriage but were adopted by husband. In the original decree, he was required to pay $200 per month support for each of the two younger children and $100 per month for each of the two older ones and, in addition, to maintain medical and life insurance for them. He was also required to pay $200 per month spousal support for 60 months.

Husband is a plumber and steamfitter and, when he is fully employed, makes a good living. At the time of the decree he was fairly regularly employed at an hourly wage of $19. Since the decree he has gone through some hard times. His ability to find regular employment has been severely impaired, and his income, even when he was working, has never exceeded $1,000 per month.[1] In July, 1981, he filed a motion to modify the dissolution decree, and a hearing was held in November, 1982. The trial court found that there had been a substantial change of circumstances warranting the reduction of his child support and spousal support as of the date of the filing of the motion. The court reduced his child support obligation to $100 per month per child (a total of $400 per month), and the spousal support obligation was reduced to $100 per month. Husband had made few or no support payments since the original decree, and the trial court assessed his arrearages as of July 27, 1981, at not less than $4,751. The court also found that attorney fees paid by husband to his attorneys over the previous two years (amounting to $12,000 to $15,000) were excessive and that the assignment to one of his attorneys of the proceeds from the sale of property received under the decree was in violation of a 1980

---

[1] The trial court record on his income does not make it clear whether the figures include unemployment compensation, workers' compensation and income from the sale of property awarded him in the original decree.

restraining order and void. (That finding possibly contra-
dicted an earlier ruling by another domestic relations judge
that acknowledged that husband's attorney "may have a
claim" against the proceeds of the land sale.)

In the meanwhile, this court was considering hus-
band's appeal from the original decree. On November 9, 1981,
we issued a *per curiam* opinion, which is set forth in full in the
footnote.[2] In the hearing on the motion to modify the trial
court held that the effect of our opinion was to affirm the
original decree and that, therefore, any obligations which had
accrued under that decree up to the time when husband filed
his motion for modification were judgments against husband
and unmodifiable.

Husband argues that he has been denied *de novo*
review of the correctness of the original decree and that that
denial constitutes a violation of his constitutional right to
"equality of privileges." We now recognize that our 1981
opinion was too cryptic and that it requires amplification in
this opinion before we can even attempt to deal with the
merits, such as they are, of the present appeal.

At the time of the dissolution hearing the *Smith* case
had not been decided by the Supreme Court, and so no record
was developed that would have permitted this court to apply
the support allocation rule created by that case. We did have
before us information about husband's income at the time of
the dissolution proceeding and information about wife's
income and income-earning potential. The needs of the chil-
dren were not adequately reflected in the record. We also
knew that a motion to modify had been filed only one year
after the original decree, and we were told that it was based
primarily on the husband's depressed earning experience

---

[2]    "The only issue meriting consideration in this appeal is whether the trial
court properly fixed child support under the standards in *Smith v. Smith*, 290 Or
675, 626 P2d 342 (1981). In the briefs and at oral arguments the court was
informed that there is now pending in the trial court a proceeding in respect to the
support provisions of the decree. We therefore decline to exercise our power of *de
novo* review.

"Affirmed. Costs to respondent." 54 Or App 667, 635 P2d 1030 (1981).

The Supreme Court denied review. 292 Or 568 (1982).

since the decree. What we should have said instead of the last sentence in the opinion is this:

> "The record before us is inadequate for the application of the support allocation standards in *Smith,* but the record does support a conclusion that husband's support obligation is not disproportionate to his ability to pay and is not unfair. Although we could remand for the development of a record sufficient for the application of *Smith,* we decline to do so in the circumstances, including the fact that there is pending a motion to determine the appropriate allocation of support on the basis of circumstances as they may have changed since the date of the original decree."

The trial judge was, of course, correct in treating the accrued unpaid support as of the date of filing the motion to modify as not being subject to modification, because he was correct in recognizing that our 1981 opinion did affirm the dissolution decree. Although it is understandable, due to the unfortunate choice of words used in that opinion and the inadequate explanation, that husband feels that he did not have *de novo* review, the fact is that we did make a *de novo* review and determined that, on the record made in the dissolution hearing, we would not change any part of the decree. It is true that husband was entitled to have the *Smith* formula applied in the modification hearing, once he established a change of circumstances sufficient to warrant reconsideration of his support obligation.

■ The trial court did find a substantial change of circumstances. We agree. The trouble is, however, that, once having properly made that determination, having recognized that he was obligated to apply *Smith* and having received evidence that mother's income situation had improved and husband's had deterioriated and also evidence of the children's needs that in several respects is questionable, the court adjusted the father's support obligations in ways that are not obviously based on *Smith* principles and are explained neither in the court's ruling from the bench nor in the final order. That poses a situation in which we could review the record and perform the appropriate calculation ourselves. *See Anderson and Anderson,* 54 Or App 959, 637 P2d 615 (1981). On the other hand, we are also entitled to refuse to do that, in our discretion, if we conclude that there are reasons to send the

case back to the trial court. *See Fowler and Fowler,* 52 Or App 223, 627 P2d 1304 (1981). This is one of the latter situations.

The notice of appeal in this case was filed on March 11, 1983. At that time there was still pending before the trial court the resolution of a contempt proceeding against husband relating to his failure to pay support before the filing of the motion to modify. The trial court file reveals that, subsequent to the filing of the notice of appeal, the trial court entered a contempt order against husband based on the assignment of the proceeds of the property sale contract to one of his attorneys. Still later the trial court entered an order dismissing the contempt proceeding on the ground "that said defendant has purged himself of the contempt by paying the arrearage in full * * *."[3] The parties have seen fit to inform us that, between the entry of the contempt order and the dismissal, the judgment in favor of wife was paid in full, child support was brought current to a date after the notice of appeal and an attorney's lien was paid. Furthermore, the trial court record contains three satisfactions, one made by the trial court and two signed by wife, the earlier of which says that "child support and spousal support" are satisfied "through April, 1983."

It is also apparent from the trial court record that this appeal has been a mere feint in the battle between the parties, whose disputes still go on in a welter of paper and hearings. Totally aside from any effect the continuing warfare might have on the parties and their children, the effect on this court's ability to make sense out of the situation has been wholly devastating. We believe that, in view of the state of the record, it would be wholly futile, and utterly unrealistic, for this court to attempt any significant resolution of the warfare through the mechanism of the *Smith* formula. We therefore remand the case to the trial court with instructions to consider the appropriate application of the *Smith* standards as of the date of the modification motion and to conduct such further proceedings as may be required consequent on that application.

---

[3] Husband says in his brief that the contempt order is also part of this appeal, but there is no notice of appeal in the record after the notice which was filed before the contempt order was entered.

Affirmed in part; and remanded in part for further proceedings not inconsistent with this opinion.[4] Costs to husband, not including attorney fees.

---

[4] One of the issues sought to be reviewed on this appeal is the application of ORS 107.431, which authorizes a termination or reduction of child support if a custodial parent has failed to comply with a visitation order. The two oldest children, whose support husband attempted to eliminate under that statute, are now over the age of 18. We have no basis for determining whether father has any continuing obligation to support them, independently of ORS 107.431. Furthermore, it appears to us that any question concerning the trial court's voiding of the assignment of the property sale contract proceeds to one of his attorneys has probably been mooted by the satisfactions that are of record.